Kamaljit SINGH, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 99–70943.

INS No. A71–789–010.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 19, 2001.

Before HUG, PREGERSON, and
WARDLAW, Circuit Judges.

MEMORANDUM **

Kamaljit Singh, a native and citizen
of India, petitions for review of the Board

---

\* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a.[1] Where the BIA adopts in part the IJ's decision, as here, we review both the BIA's and the IJ's decisions for substantial evidence. *See De Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997). We grant the petition.

Singh testified that he was a member of the All India Sikh Students Federation ("AISSF") in the Punjab province of India. Police arrested Singh after an AISSF meeting and, during a three-day interrogation, beat and kicked him until he provided the names of two other AISSF members. Authorities never brought charges against Singh. A few days after village leaders secured his release, Singh fled to Delhi and made arrangements to leave the country. Police came to Singh's father's house to inquire about his whereabouts, and the AISSF president warned Singh in Delhi that the police would continue to arrest him in order to extract more AISSF members' names.

██ Because the IJ expressly found the material elements of Singh's testimony to be credible, and because the BIA made no express contrary finding, we take as true all facts as testified to by Singh. *See Singh v. INS*, 94 F.3d 1353, 1356 (9th Cir.1996). Furthermore, the BIA and IJ should not have required Singh to provide corroborating documents in order to establish his claim of a well-founded fear of persecution. *See Campos–Sanchez v. INS*, 164 F.3d 448, 451 n. 1 (9th Cir.1999). Nevertheless, the BIA and IJ denied Singh asylum relief based in part on his failure to

provide corroborating evidence, despite a State Department comment, a country report, and an Amnesty International report that documented extrajudicial police arrests and beatings of Sikhs in the Punjab region.

We conclude that the record compels the conclusion that Singh met his burden of establishing that he has a well-founded fear of persecution, and we grant the petition. *See Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir.2000).

We deny Singh's request for attorney's fees pursuant to 28 U.S.C. § 2412 without prejudice to renewal in a separately filed motion. *See* Ninth Cir. R. 39–1.

**PETITION FOR REVIEW GRANTED.**

---

1. Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c), *see Avetova–Elisseva v. INS*, 213 F.3d 1192, 1195 n. 4 (9th Cir.2000).