**Ana Alicia SEGOVIA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70299.

I & NS No. A73–989–596.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2002.

Decided April 26, 2002.

█

Before FERGUSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM *

Ana Alicia Segovia ("Segovia"), a native and citizen of El Salvador, challenges the Board of Immigration Appeals' ("BIA") denial of her asylum application based on an adverse credibility determination on three grounds: (1) her due process rights were violated by the manner in which the Immigration Judge ("IJ") conducted the hearing; (2) the BIA erred in finding her not credible; and (3) substantial evidence supported her claim that she had a well-founded fear of persecution by the Salvadoran military on the basis of political opinion.

■ We conclude that Segovia was denied a full and fair hearing under *Jacinto v. INS*, 208 F.3d 725 (9th Cir.2000), and *Colmenar v. INS*, 210 F.3d 967 (9th Cir. 2000). First, at the calendar hearing during which the IJ was to inform Segovia that she had the option of being represented by counsel, the IJ did not make clear to her the role of counsel or how the hearing would proceed if she chose to represent herself. Instead he suggested that she had to choose between being represented by an attorney, and speaking on her own behalf as a witness. *See Jacinto*, 208 F.3d at 734. Second, at the merits hearing, the IJ interrupted Segovia's examination of her witness several times to require that she put her questions in another form when they were already appropriate to elicit the required information. This improper interference resulted in Segovia's being unable to elicit the necessary testimony from her witness or to present it herself. *See id.* Third, the IJ failed to explain at any point to Segovia the standard upon which her asylum application would be judged. Therefore he did not provide her with a meaningful opportunity to present evidence on her behalf. *See*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Colmenar,* 210 F.3d at 972; *Jacinto,* 208 F.3d at 734.

■ We also conclude that, because the IJ's conduct "potentially ... affect[ed] the outcome of the proceedings," Segovia was prejudiced by the denial of a full and fair hearing, and deprived of due process of law. *Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999) (citation and internal quotation marks omitted). The conduct of the hearing did not afford her a fair opportunity to adduce the information necessary to establish that she was persecuted. The due process errors also underlay the IJ's adverse credibility determination. Accordingly, Segovia is entitled to a new hearing before an IJ.[1] *Jacinto,* 208 F.3d at 735.

We reverse the BIA's decision, and remand to the BIA with instructions to remand for a new hearing before an IJ on Segovia's asylum application.

REVERSED and REMANDED.

1. We are unable to review the merits of Segovia's other claims because the IJ's conduct of the hearing prevented the full development of the record.