**Nahun AYALA–VILLA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70599.

Agency No. A91–452–513.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 22, 2003.

Kevin A. Bove, Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Susan Houser, Jacqueline Dryden, Richard M. Evans, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, WALLACE, and MCKEOWN, Circuit Judges.

### MEMORANDUM**

Nahun Ayala–Villa, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' decision dismissing his appeal from an immigration judge's denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b). He contends that the Board denied him due process by failing to remand the case to the immigration judge to permit him to present evidence under a new standard for "exceptional and extremely unusual hardship" announced in *Matter of Monreal–Aguinaga*, 23 I & N Dec. 56, 2001 WL 534295 (BIA 2001) (alien must demonstrate that United States citizen relative would suffer hardship substantially beyond that ordinarily expected to result from alien's deportation, but need not show that hardship would be unconscionable), after the immigration judge's decision in 1999. He argues that the immigration judge interpreted the hardship provision too narrowly. This contention lacks merit because the Board applied *Monreal–Aguinaga* to the facts of Ayala–Villa's case. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir.2003) (alien must show prejudice to succeed in due process challenge); *cf. Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999) (remanding where Board independently reviewed record and made adverse finding rejected by immigration judge).

**DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.