**Adrian SUHADY, Petitioner,**

v.

**John ASHCROFT, Attorney**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

General,* Respondent.

No. 02–74160, A75–661–733.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2004.**

Decided June 29, 2004.

Edward M. Weisz, Law Offices of Edward M. Weisz, Beverly Hills, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of

---

* We sua sponte amend the caption to reflect that Attorney General John Ashcroft is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer A. Parker, Anthony W. Norwood, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before TROTT, RYMER, and THOMAS, Circuit Judges.

### MEMORANDUM ***

Adrian Suhady, a native and citizen of Indonesia, petitions for review of the BIA's summary affirmance without opinion of an Immigration Judge's ("IJ") order denying his applications for asylum and withholding of removal. We dismiss the petition for review in part, and deny it in part.

■ We have jurisdiction to review the final order of removal in Suhady's case under 8 U.S.C. § 1252(a)(1); however, we lack jurisdiction over Suhady's asylum claim. 8 U.S.C. § 1158(a)(3) deprives us of jurisdiction to review both an IJ's decision to pretermit an asylum petition on account of its not being filed within the one-year limitations period, as well as an IJ's discretionary determination that the time period was not tolled due to "changed circumstances." See 8 U.S.C. § 1158(a)(2)(B), (D); Hakeem v. INS, 273 F.3d 812, 815 (9th Cir.2001). Accordingly, we dismiss Suhady's petition for review of the decision pretermitting his application for asylum.

Where the BIA affirms the decision of the IJ without opinion, under 8 C.F.R. § 3.1(e)(4) (now 8 C.F.R. § 1003.1(e)(7)), we review the IJ's decision. Falcon Car-

riche v. Ashcroft, 350 F.3d 845, 855 (9th Cir.2003). We review denials of withholding of removal for substantial evidence. Bellout v. Ashcroft, 363 F.3d 975, 977–78 (9th Cir.2004). We review claims of due process violations during removal proceedings de novo; thus, we will reverse the BIA decision if the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case." Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000) (quoting Platero–Cortez v. INS, 804 F.2d 1127, 1132 (9th Cir.1986)). The alien, however, must show prejudice—viz., that the outcome of the proceeding may have been affected by the asserted violation. See Campos–Sanchez v. INS, 164 F.3d 448, 450 (9th Cir.1999).

■ Suhady was not denied due process on account of the IJ's decision not to recuse herself after pretermitting his asylum application but before hearing testimony regarding his remaining claims for relief. Suhady specifically relied on his asylum declaration and on evidence of the May 1998 riots in Indonesia to support his claim that "changed circumstances" excused the untimely filing of his asylum application; as Suhady also asserted that the "riots evidence" supported his claim for asylum itself, the IJ could not have given meaningful consideration to his claim of "changed circumstances" without at the same time opining on evidence adduced in support of his asylum application. The IJ concluded in her Memorandum Decision only that the riots did not "materially affect [Suhady's] eligibility for asylum;" she did not conclude that Suhady was ineligible for asylum as such, that he did not suffer persecution, or that he failed to demonstrate either a fear of future persecution or a likelihood thereof. As Suhady then received a full hearing on the merits of his

claim, wherein both he and his sister testified, he was not "prevented from reasonably presenting his case." *See Colmenar*, 210 F.3d at 971.

 The IJ's denial of Suhady's application for withholding of removal is supported by substantial evidence in the record as a whole. While Suhady did present evidence that the Chinese Christian minority in Indonesia is a "disfavored" group subject to widespread discrimination, he did not establish that there exists a "pattern or practice" of persecution in the country, such that he could be eligible for withholding of removal without any showing of individualized harm. *See* 8 C.F.R. § 1208.13(b)(2)(iii)(A)-(B); *see also Mgoian v. INS*, 184 F.3d 1029, 1035 (9th Cir. 1999). Suhady's membership in a disfavored group notwithstanding, the evidence that he was harassed by groups of Muslim boys as a child, combined with the evidence that his church received a bomb threat after he had left for the United States, was insufficient to establish that it was "more likely than not" that he would suffer persecution upon return to Indonesia. *See* 8 C.F.R. § 208.16(b)(2); *Navas v. INS*, 217 F.3d 646, 655 (9th Cir.2000).

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.