Nirbhai SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–76515.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 22, 2006.

Robert B. Jobe, Esq., Hilari Allred, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., Lisa W. Edwards, Esq., U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Nirbhai Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals ("BIA") order affirming without opinion the Immigration Judge's ("IJ") order denying Singh's applications for asylum and withholding of removal and for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where the BIA affirms without opinion, the IJ's decision becomes the final agency

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

determination and we review it as we would a decision of the BIA. *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir.2004). We review the agency's factual findings for substantial evidence, and reverse such findings only if "the evidence not only *supports* that conclusion, but *compels* it." *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (emphasis in original); 8 U.S.C. § 1252(b)(4)(B). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Singh stated in his written declaration that authorities arrested him in 1995 for his alleged involvement in an assassination and arrested him in 1999 for selling various anti-national items, whereas at his hearing, Singh testified that authorities accused him of selling the anti-national items during the 1995 arrest. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004) (stating that adverse credibility finding withstands review so long as one identified ground is supported and goes to the heart of the claims of persecution). Despite several direct questions, *see Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir.1999), Singh was unable to explain the inconsistency. Without providing credible testimony, Singh has failed to establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

The IJ denied CAT relief on the ground that Singh was not credible and on the ground that the submitted country reports and background materials failed to establish that it is more likely than not that Singh would be tortured upon returning to India. The record does not compel a con-

trary finding. *See* 8 C.F.R. § 1208.16(c)(2); *see also Farah*, 348 F.3d at 1157.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.