Didar SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70300.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2006.

Filed Dec. 5, 2006.

Hardeep Singh Rai, Law Office of Hardeep S. Rai, San Francisco, CA, for Petitioner.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, Regional Counsel, Laguna Niguel, CA, Nelda C. Ackerman, Anthony W. Norwood, Esq.,

Nelda C. Ackerman, Washington, DC, for Respondent.

Before: HAWKINS and BERZON, Circuit Judges, and SILVER *, District Judge.

## MEMORANDUM **

Didar Singh petitions for review of the Board of Immigration Appeals' (BIA) order affirming an immigration judge's (IJ) denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA order relied on the IJ's reasoning and reviewed the IJ decision only for clear error. *See* 8 C.F.R. § 1003.1(d)(3). We therefore look to the IJ's decision "as a guide to what lay behind the BIA's conclusion," *Kozulin v. INS*, 218 F.3d 1112, 1115 (9th Cir.2000), and review the agency's adverse credibility determination for substantial evidence. *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000).[1] As substantial evidence does not support the agency's determination, we grant the petition and remand.

■ 1. Singh's propensity to interrupt the interpreter does not support the agency's adverse credibility finding. While perhaps annoying, such interruptions provided no reason to disbelieve Singh. Indeed, as the IJ recognized, Singh did not appear to recite memorized facts and did not avoid answering those questions he fully understood.

■ 2. Singh provided consistent and credible testimony about his travel to Dubai for work, his two return trips home to India, and his arrest during each return trip. Contrary to the IJ's reasoning, Singh's advance plan to hide from Sikh militants and police upon his return was not inconsistent with his statement that upon actually arriving home, he found it difficult to hide.

■ Furthermore, the IJ's skepticism about Singh's decision to return home when police were still occasionally looking for him cannot support the agency's adverse credibility determination. The IJ offered no reason why Singh's testimony was implausible. *See Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir.2000) ("This Court reverses an adverse credibility determination that is based on 'speculation and conjecture' and is not supported by evidence in the record.").

■ The IJ's concern about the lack of detail about the reasons for Singh's arrest is also not a legitimate basis for the adverse credibility finding. Singh was never asked for further details, *see Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999), and the IJ's doubt was based only on speculation about how police speak when they accuse someone like Singh. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000).

Finally, notwithstanding the IJ's contrary suggestion, Singh's testimony about how the police inflicted injuries with a roller was plausible.

---

\* The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We cannot review Singh's due process claim because it was not raised before the BIA. *See Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir.1994).

3. The IJ expressly stated that she was not relying on inconsistencies between Singh's testimony and the supporting affidavits Singh submitted in deciding that Singh was not credible, but was only declining to rely on the affidavits as adding meaningful support to Singh's claims. The BIA order does reference those inconsistencies. The BIA, however, was limited to clear error review of the IJ's decision, 8 C.F.R. § 1003.1(d)(3), and stated that it was following the IJ's reasoning except in a single respect. Accordingly, we read the BIA order as resting on the same bases as that of the IJ except in the respect explicitly noted, and conclude that there is not substantial evidence to support the agency's adverse credibility determination.

We grant the petition and remand to the BIA to determine whether, accepting Singh's testimony as credible, he is eligible for relief. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**