**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DIDAR SINGH,

*Petitioner,*

v.

ALBERTO R. GONZALES, Attorney General,

*Respondent.*

No. 04-70300

Agency No.
A79-612-780

ORDER

Filed September 7, 2007

Before: Michael Daly Hawkins and Marsha S. Berzon,
Circuit Judges, and Roslyn O. Silver,* District Judge.

---

## ORDER

The Petitioner's Motion for Costs and Fees under the Equal
Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), is
GRANTED.

1.   The Court notes that Respondent's primary argument
— that only litigation positions of the Department of Home-
land Security ("DHS") before this Court, and not decisions of
Immigration Judges ("IJs") and the Bureau of Immigration
Appeals ("BIA"), are pertinent with regard to whether the
government's position in this case was substantially justified
— was squarely rejected by this Court in *Thangaraja v. Gon-
zales,* 428 F.3d 870, 873 (9th Cir. 2005) ("We reject this con-
tention, which completely lacks justification. Pursuant to the
EAJA, the BIA and IJ decisions we review are as much the

---

*The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

'position of the United States' as is the DHS' litigation position.").

It is the responsibility of the Department of Justice and its lawyers to be aware when its positions have been rejected by the court. While it is acceptable to make a rejected argument for purposes of preserving it for en banc or Supreme Court consideration while acknowledging that it has been rejected by the court, it is not acceptable to repeat an argument already rejected without acknowledging the case that rejected it, particularly where it is the Department of Justice itself that was involved in earlier case. Another such repetition of this same argument in this court will be considered sanctionable behavior.

2.   Considering the BIA's position as well as the arguments made in this court, the Government's position in this action was not substantially justified. *See Singh v. Gonzales*, No. 04-70300, mem. at 2-4 (9th Cir. Dec. 5, 2006). Because Petitioner was the prevailing party in this action and the fees requested are consistent with the statute and reasonable, *see id.* at 4, attorney's fees and costs are awarded to Petitioner in the amount of $3807.04.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.