Candido **LOPEZ RIZO;** Maricela Espinoza Montoya, Petitioners,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–76359.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2007.

Filed Feb. 1, 2007.

Ryan M. Kent, Keker & Van Nest, L.L.P., Bruce C. Wong, Esq., Duxford

Law Group, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Susan K. Houser, Esq., Jesse Bless, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG and W. FLETCHER, Circuit Judges, and HOLLAND,* District Judge.

### MEMORANDUM **

■ Candido Lopez Rizo and Maricela Espinoza Montoya[1] petition for review of the October 28, 2005, *per curiam* decision of the Board of Immigration Appeals ("BIA") adopting and affirming the decision of the Immigration Judge ("IJ") denying the Lopezes' application for cancellation of removal. We have jurisdiction over this matter under 8 U.S.C. § 1252(a), because the Lopezes raise a colorable claim of a due process violation. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001). We review de novo due process challenges to final orders of deportation, and we will reverse a BIA decision if the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (quoting *Platero–Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir.1986)).

The Lopezes contend that their right to counsel in deportation proceedings was violated when the BIA failed to inform them that their attorney, Miguel Gadda, was suspended from practice before the BIA during the pendency of their appeal and failed to obtain a waiver of their right to counsel. We agree and grant the Lopezes' petition for review.

Gadda represented the Lopezes during their hearing before the IJ. However, during the pending appeal to the BIA, the BIA suspended Gadda from practice on October 2, 2001. In the seven months that passed before the BIA denied the Lopezes' appeal, neither the BIA nor Gadda ever informed the Lopezes that they were proceeding without counsel or sought a waiver of their right to counsel. After Gadda's numerous disbarments by other courts, the Lopezes finally learned of their lack of counsel on May 5, 2004, when this court notified them that Gadda had been disbarred and ordered them to retain new counsel. The Lopezes immediately obtained new counsel.

■ Aliens in deportation proceedings are guaranteed the right to counsel of their choice. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir.2004); *see also* 8 U.S.C. § 1362. "Although there is no Sixth Amendment right to counsel in an immigration hearing, Congress has recognized it among the rights stemming from the Fifth Amendment guarantee of due process that adhere to individuals that are the subject of removal proceedings." *Tawadrus*, 364 F.3d at 1103 (citing *RiosBerrios v. INS*, 776 F.2d 859, 862 (9th Cir. 1985)). For the Lopezes to proceed in

---

* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The petitioners are a married couple with two United States citizen children. We shall refer to them as "the Lopezes."

their appeal *pro se*, the BIA was required to obtain a knowing and voluntary waiver of their right to counsel. *Id.* at 1103. As the BIA obtained no such waiver, the Lopezes' due process right to counsel was denied.

To the extent that prejudice is a required element of the due process violation,[2] the Lopezes can successfully demonstrate that unknowingly proceeding through the appeals process in their case without counsel "potentially affected the outcome of the proceedings." *Colmenar*, 210 F.3d at 972 (alteration omitted) (quoting *Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir.1999)). Though the Lopezes need not point to exactly what evidence would have been presented had they been able to timely obtain new counsel, *see id.*, they argue that new, competent counsel could have filed a motion to remand before the BIA based on changes in the family's circumstances meriting additional consideration, or could have timely filed a motion to remand to the IJ based on ineffective assistance of counsel at the immigration hearing. *See Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir.1987) (stating that a motion to reopen filed during the pendency of a BIA appeal is treated as a motion to remand to the IJ).

Here, petitioners' motion to reopen based on ineffective assistance was deemed untimely by the BIA and, thus, was not considered. The BIA suspended Gadda on October 2, 2001. The BIA's final decision was rendered May 6, 2002. During that time the Lopezes had no counsel. Had the Lopezes obtained new counsel after Gadda's suspension on October 2, 2001, competent counsel would have had seven months to file a timely motion based

on ineffective assistance of counsel before the BIA, and presumably would have done so. Instead, petitioners believed they were being represented through that entire period by Gadda.

Because the BIA violated the Lopezes' due process right to counsel during deportation proceedings by not obtaining a knowing and voluntary waiver of the right to counsel, and because this may have affected the outcome of the proceedings, we grant the petition for review and remand for proceedings consistent with this disposition.

**PETITION GRANTED.**

---

2. This court has yet to decide whether a showing of prejudice is required when a petitioner has demonstrated denial of the right to counsel in removal proceeding, and there is a circuit split on the question. *See Baltazar–Alcazar v. INS*, 386 F.3d 940, 947 (9th Cir. 2004).