**Sadeq Ali Hamood MOHAMMED, aka Sadeq Hamooed Ali Mohammed, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–74187.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.\*

Filed Dec. 18, 2007.

Elias Z. Shamieh, Esq., Law Offices of Shamiyeh & Shamieh, San Francisco, CA, for Petitioner.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Manuel A. Palau, Anthony P. Nicastro, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM \*\*

Sadeq Ali Hamood Mohammed, a native and citizen of Yemen, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA. *See Abebe v. Gonzales,* 432 F.3d 1037, 1039 (9th Cir.2005) (en banc). We deny the petition.

Mohammed's contention that the IJ violated his due process rights by limiting his presentation of his asylum claim is unpersuasive because Mohammed has failed to demonstrate any prejudice resulting from the alleged violation. *See Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir. 1999).

The record does not compel the conclusion that the untimely filing of the asylum

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

application should be excused. *See* 8 C.F.R. § 208.4(a).

Substantial evidence supports the IJ's finding that Mohammed did not satisfy the standard for withholding of removal. *See Faruk v. Ashcroft,* 378 F.3d 940, 944 (9th Cir.2004). Substantial evidence also supports the denial of CAT relief because Mohammed did not establish that it is more likely than not that he would be tortured if he returned to Yemen. *See Zhang v. Ashcroft,* 388 F.3d 713, 721–22 (9th Cir.2004) (per curiam).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.