**YING ZHANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–75907.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 17, 2007 *.

Filed Feb. 8, 2008.

Ying Zhang, Alhambra, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., Song Park, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Ying Zhang (Zhang), a native and citizen of China, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of his requests for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's opinion, which independently reviewed the record and did not state that it adopted the IJ's decision, for substantial evidence. *See Ahmed v. Keisler,* 504 F.3d 1183, 1190–91 (9th Cir.2007).

The BIA acknowledged that the minor inconsistencies in Zhang's testimony did not support an adverse credibility finding, but concluded that "testimony relating to the respondent's alleged Falun Gong association, which involves the basis of the respondent's alleged fear of persecution, provided the Immigration Judge with legitimate reason to question the veracity of the respondent's claim." The BIA cited two portions of the transcript of the hearing. In the first section, Zhang testified that he was not a Falun Gong practitioner in China or in the United States. In the second section, Zhang's witness, Fu Jun, testified that Zhang practiced because "it's only a concept" and that although he did not live near Zhang he had heard from Zhang that Zhang practiced in Los Angeles.

This inconsistency was not addressed in the cross-examination of Fu Jun or at any other time in the hearing. Zhang there-fore did not have the required "reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum." *Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004) (quotations omitted). Because Zhang was not given a chance to explain, the inconsistency cannot serve as substantial evidence to support a negative credibility determination. We therefore grant the petition for review and remand to the BIA to consider, taking Zhang's testimony as true, whether Zhang has met the necessary conditions to be eligible for asylum and withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

PETITION FOR REVIEW GRANTED; REMANDED.

LEAVY, Circuit Judge, dissenting:

I dissent. This is not a case where a the IJ improperly relied upon an inconsistency forming the basis of a denial of asylum without giving the alien a "reasonable opportunity to offer an explanation." *See Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004). In this case, Zhang testified before the IJ that he did not practice Falun Gong, either in China or in the United States. Zhang then called a witness, who, upon questioning by the IJ, testified unambiguously that Zhang had told him he practiced Falun Gong in Los Angeles. Zhang's attorney neither examined the witness on redirect nor recalled Zhang to the witness stand. This obvious inconsistency took place before the IJ and in the presence of Zhang and his attorney. Zhang had the perfect time, place, and opportunity to explain.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The IJ stated she "must conclude that [Zhang's] testimony is not credible," noting:

> [T]he crowning blow to respondent's case was his witness' testifying that, in fact, the respondent has practiced Falun Gong in Los Angeles. The respondent testified to this Court quite clearly in his first breaths here that he has not been a practitioner but only has spoken out in support of Falun Gong.

The BIA affirmed the IJ' adverse credibility determination, stating:

> [T]estimony relating to the respondent's alleged Falun Gong association, which involves the basis of the respondent's alleged fear of persecution, provided the Immigration Judge with legitimate reason to question the veracity of respondent's claim. The respondent on appeal has not offered a convincing explanation for those material discrepancies.

(Internal citation omitted).

The majority, without authority, places a new burden on the government to recall Zhang to the stand and afford him an "opportunity to explain" the direct contradiction between his testimony and that of his own witness. Zhang also failed to offer any explanation in his brief to the BIA. Zhang's only explanation to this court is that he "could not control" what his witness said. This case is clearly distinguishable from *Chen, Guo v. Ashcroft*, 361 F.3d 1194, 1199 (9th Cir.2004), and *Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir.1999), because none of these "opportunity to explain" cases involves a witness whose testimony is contrary to the alien's testimony while in the presence of the IJ.

Because the adverse credibility determination is supported by substantial evidence, I would deny the petition.