**Emile Mikhail YOUSSEF, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 06–70795.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2008.

Filed March 3, 2008.

---

\* Michael B. Mukasey is substituted as the current Attorney General of the United States pursuant to Fed. R.App. P. 43(c)(2).

Ramsin Sheeno, Esq., Mansouri and Sheeno, Sherman Oaks, CA, for Petitioner.

Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Anthony V. Teelucksingh Fax, U.S. Department of Justice, Criminal Division, Washington, DC, for Respondent.

Before: TROTT, CLIFTON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Petitioner Emile Mikhail Youssef, a native of Oman and citizen of Egypt, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") order denying Youssef's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The IJ denied relief on the grounds that Youssef's testimony was not credible, and Youssef had not met his burden of proof.

This court has jurisdiction over petitions for review that raise colorable constitutional claims or question of law. 8 U.S.C. § 1252(a)(2)(D). Because the BIA issued its own decision adopting and affirming the IJ's decision, this court reviews both decisions. *Andriasian v. INS,* 180 F.3d 1033, 1040 (9th Cir.1999).

"[T]he administrative findings of fact [including adverse credibility findings] are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). This court reviews adverse credibility findings under a deferential "substantial evidence standard." *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). "So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003).

A petitioner must be afforded "a reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum." *Campos–*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999). An IJ needn't take a petitioner's explanations at face value, but must allow the petitioner the opportunity to offer them. *See Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir.2004).

In explaining why Youssef was not credible, the IJ stated that it "strains credulity to believe ... [t]hat an attack by four grown men, hitting [Youssef] with chains, while he was running and hiding, could last for one hour." The alleged beating by Islamic extremists is central to Youssef's claim of persecution, and his inability to give a credible description of the beating is substantial evidence to support the IJ's adverse credibility finding under this court's deferential standard of review.[1]

The IJ specifically questioned Youssef about his implausible description of the alleged beatings by Islamic extremists. However, when given the opportunity to elaborate upon or clarify his earlier description and address the IJ's doubts directly, Youssef's explanation became increasingly vague.

Although some of the IJ's enumerated grounds for his credibility determination might not withstand scrutiny, his disbelief of Youssef's claim that he was beaten is supported by substantial evidence in the record. Moreover, the IJ gave Youssef a specific opportunity to address that basis and to offer an explanation for his earlier testimony's implausibility. Neither the initial testimony nor the increasingly vague explanation offered by Youssef compel this court to find Youssef credible. Therefore, this court defers to the IJ's adverse credibility determination. *Wang,* 352 F.3d at 1259.

For the foregoing reasons the petition for review is **DENIED**.

---

1. Petitioner argues that the IJ's determination on this issue was improper speculation and conjecture under *Bandari v. INS,* 227 F.3d 1160, 1167 (9th Cir.2000). In *Bandari,* this court found: "The IJ's assertion that [Bandari's] account was unbelievable is based solely on her subjective view of when a person should bleed given her view of the severity of the flogging." *Id.* Although the IJ in this case questioned Youssef about the severity of his injuries, *Bandari* is distinguishable because the IJ based his adverse credibility finding on Youssef's unconvincing and increasingly evasive description of the incident.