**Jorge Arturo SOTO–OLARTE; Maria Jesus Esteves–La Torre, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71822.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2008.

Filed June 30, 2008.

Edgardo Quintanilla, Esq., Sherman Oaks, CA, for Petitioners.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joshua P. Jones, U.S. Department of Justice, Narcotic and Dangerous Drug Section, Washington, DC, for Respondent.

Before: NOONAN, W. FLETCHER, and GOULD, Circuit Judges.

## MEMORANDUM *

Jorge Arturo Soto–Olarte ("Soto–Olarte") and his wife Maria Jesus Esteves–La Torre ("La Torre"), natives and citizens of Peru, petition for review of the Board of Immigration Appeals ("BIA")'s opinion dismissing their appeal of an immigration judge ("IJ")'s denial of their petitions for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA conducted its own analysis but also relied in large part on the IJ's reasoning, we review the BIA's opinion as well as that of the IJ. *See Plasencia–Ayala v. Mukasey*, 516 F.3d 738, 743 (9th Cir.2008). Reviewing for substantial evidence both the IJ's and BIA's adverse credibility findings and their determinations of the petitioners' ineligibility for asylum and withholding of removal, *see Kaur v. Ashcroft*, 379 F.3d 876, 884 (9th Cir.2004), we grant the petition for review and remand this case to the BIA for further proceedings.

█ The IJ based her finding that Soto–Olarte was not credible[1] on the inconsistencies between his account of a home invasion by Shining Path terrorists on June 19, 2003 and the police report that he furnished describing the same event as a car burglary involving the theft of receipts and toys. Specifically, the IJ noted that "Respondent's testimony of terrorist attacked [sic] is contradicted in material portions by the police report of a robbery."

However, Soto–Olarte offered a persuasive explanation in his declaration for one of these inconsistencies—the police report's failure to mention anything about Shining Path. His explanation was that "[t]he police treated the incident as an attempted burglary [because they] did not want to get involved with allegations of the Shining Path." The IJ "did not comment on [this] explanation [in her decision], nor suggest any reason that [she] found his explanation not credible." *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998). Under our case law, this lack of consideration given to Soto–Olarte's proffered explanation was error and prevents the underlying inconsistency from serving as substantial evidence to support the IJ's adverse credibility finding. *See Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir.2004) ("An adverse credibility finding is improper when an IJ fails to address a petitioner's explanation for a discrepancy or inconsistency."); *Guo v. Ashcroft*, 361 F.3d 1194, 1201 (9th Cir.2004) (holding that an alleged inconsistency in a petitioner's testimony could not serve as substantial evidence for an adverse credibility finding where the IJ "did not address at all [the petitioner's] reasonable and plausible explanation" for the inconsistency); *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001) (concluding that "[w]e do not find the IJ's reasoning persuasive" where the IJ made an adverse credibility finding based on inconsistencies between the petitioner's testimony and his passport, because the petitioner "provided an explanation for this discrepancy, but neither the BIA nor the IJ addressed [his] explanation").

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because Soto–Olarte's and La Torre's petitions for asylum and withholding of removal were filed before May 4, 2005, the provisions of the REAL ID act regarding adverse credibility determinations do not apply. *See Kaur v. Gonzales*, 418 F.3d 1061, 1064 n. 1 (9th Cir.2005).

In its opinion, the BIA made passing mention of Soto–Olarte's explanations for the discrepancies, noting that "[t]he respondents argue that this was a minor inconsistency or no consistency [sic] at all" but concluding that "[w]e disagree...." Because the BIA's opinion does not contain any reference to the specific explanation Soto–Olarte offered or to the BIA's reasons for finding that explanation unpersuasive, the BIA's treatment of Soto–Olarte's explanation does not satisfy our requirement that "in order to ensure a fair hearing, the BIA not only identify specific inconsistencies, but also *address in a reasoned manner the explanations that [petitioner] offers for these perceived inconsistencies.'"* Campos–Sanchez v. INS, 164 F.3d 448, 450 (9th Cir.1999) (quoting *Osorio v. INS,* 99 F.3d 928, 933 (9th Cir.1996)) (emphasis in original). We therefore hold that where Soto–Olarte provided an explanation of certain inconsistencies between his account of the June 19, 2003 incident at his home and the account of that incident in the police report, those inconsistencies cannot serve as substantial evidence for a finding that Soto–Olarte was not credible because neither the IJ nor the BIA addressed Soto–Olarte's explanation "in a reasoned manner." *Id.*

▮▮▮ The statement in Soto–Olarte's declaration that "the police did not want to get involved with allegations of the Shining Path" does not account for all of the inconsistencies between the police report and Soto–Olarte's testimony. For example, this explanation does not suggest why the police did not mention in their report that there were two intruders inside the house as well as two outside and that Soto–Olarte shot off a gun to scare the men away. Moreover, this explanation sheds no light on why the police would report

that a bag containing sales slips and toys was stolen from Soto–Olarte's car while Soto–Olarte did not mention any property being taken. However, Soto–Olarte was never asked about any of these inconsistencies at his hearing before the IJ; instead, the only discussion of the police report at that hearing concerned its existence and the date on which it was filed. The IJ could not properly base her adverse credibility determination on the inconsistencies between Soto–Olarte's testimony and the police report that Soto–Olarte did not attempt to explain in his declaration when she did not ask Soto–Olarte about these discrepancies and give him an opportunity to try to reconcile them. *See Don v. Gonzales,* 476 F.3d 738, 741 (9th Cir.2007) ("[T]he IJ 'must provide a petitioner with a reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum.'") (quoting *Ordonez v. INS,* 345 F.3d 777, 786 (9th Cir.2003)); *Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004) (finding that the petitioner "was denied a reasonable opportunity to explain what the IJ perceived as an inconsistency in her testimony" and concluding that "[t]he IJ's doubt about the veracity of her story, therefore, cannot serve as a basis for the denial of asylum"); *He v. Ashcroft,* 328 F.3d 593, 602–03 (9th Cir.2003) (holding that an adverse credibility finding was not supported by substantial evidence where neither the IJ nor the government lawyer "expressed any doubts" during the hearing about the aspect of the petitioner's story later used to deem him not credible and where he "was not cross-examined about [the relevant] events, [and so] had no reason or opportunity to explain what he meant").[2] Because the IJ neither of-

---

2. Although we find the absence of an opportunity to explain inconsistencies to be one rea-

son that the IJ's adverse credibility finding was not supported by substantial evidence, we

fered Soto–Olarte the opportunity to explain the inconsistencies on which she later relied in finding him not credible nor addressed the explanation he did provide for some of those inconsistencies, we conclude that her adverse credibility finding, which was subsequently adopted by the BIA, was not supported by substantial evidence. *See Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006) ("An IJ must ... afford petitioners a chance to explain inconsistencies, and must address these explanations.").

In addition, the IJ and BIA relied on the inconsistencies between Soto–Olarte's testimony and the June 27, 2003 police report as grounds for a negative credibility finding without appearing to give any consideration[3] to the remainder of Soto–Olarte's testimony and supporting documentation. This testimony included an account of Soto–Olarte's long history of political activity in Peru which was corroborated with various official documents, his statements about repeated death threats from the Shining Path during his years in politics, and two letters from political associates discussing the danger Soto–Olarte and La Torre would face in Peru because "the subversive elements are being freed" and "it is highly probable that they will again try to attack you or your family." We have held that "it is incumbent upon the IJ to view each portion of an alien's testimony, not solely as independent pieces of evidence with no bearing on the testimony as a whole, but in light of all of the evidence presented." *Kaur v. Gonzales,* 418 F.3d 1061, 1066 (9th Cir.2005). Although the IJ's decision in this case predated our decision in *Kaur v. Gonzales,* the BIA's per curiam opinion, which largely incorporated the IJ's reasoning, was published more than six months after *Kaur.* Thus, while the inconsistencies noted by the IJ no doubt went "to the heart of [Soto–Olarte's] claim[,]" *Don,* 476 F.3d at 741, we conclude that it was error for the IJ and BIA to disregard Soto–Olarte's history of political activities that made it likely he could have received reprisals from the Shining Path as he testified. In light of all of the largely uncontroverted evidence presented by Soto–Olarte, which is the light in which the inconsistent police report should have been viewed, substantial evidence did not support the IJ's and BIA's conclusion, based solely on that report, that Soto–Olarte was not credible. *See Kaur v. Gonzales,* 418 F.3d at 1066.

"Our review [of an adverse credibility finding] focuses only on the actual reasons relied upon by the IJ." *Marcos v. Gonzales,* 410 F.3d 1112, 1116 (9th Cir. 2005). " 'When each of the IJ's or BIA's proffered reasons for an adverse credibility finding fails, we must accept a petitioner's testimony as credible.' " *Id.* (quoting *Kaur v. Ashcroft,* 379 F.3d at 890). Here, both the IJ and BIA purported to make an alternative holding that even if Soto–Olarte were deemed credible, he and his

reject Soto–Olarte's argument that the lack of inquiry about those inconsistencies at the hearing constituted a due process violation given that Soto–Olarte had an opportunity to offer explanations for those inconsistencies and otherwise dispute the adverse credibility finding in his appeal to the BIA. *Cf. Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir. 1999) (holding in the context of a due process analysis that "[w]hen the BIA decides a case based on an independent, adverse, credibility determination, contrary to that reached by the IJ, it must give the petitioner an opportunity to explain any alleged inconsistencies that it raises *for the first time."* (emphasis added)).

3. The IJ's opinion mentioned Soto–Olarte's political activities and the threats he said he received in its summary of the facts but made no reference to these matters in the section entitled "Analysis of Facts and Law."

wife still had not met their burden of establishing eligibility for asylum or withholding of removal. Despite the claimed independence of this conclusion from the adverse credibility finding, however, neither the IJ nor the BIA took all of Soto-Olarte's testimony as true for the purposes of determining his and La Torre's eligibility for asylum, as they are required to do when deeming a petitioner to be credible. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir.2004) ("Testimony must be accepted as true in the absence of an explicit adverse credibility finding."). Specifically, in reaching the conclusion that the experiences Soto-Olarte had suffered in Peru did not rise to the level of persecution on the basis of a protected ground, both the IJ and BIA referred to the incident at the petitioners' home in June of 2003 as "a criminal robbery," thus accepting the police report's version of what happened that night instead of the version offered by Soto-Olarte which described the incident as politically motivated.

Because the BIA has not evaluated Soto-Olarte's and La Torre's eligibility for asylum or withholding of removal independently from the adverse credibility finding that we hold not to be supported by substantial evidence, we remand to give the agency the opportunity to make those determinations in the first instance while accepting Soto-Olarte's testimony as credible. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2000) (per curiam) ("Within broad limits the law entrusts the agency to make the basic asylum eligibility decision here in question."). However, we do not remand the petitioners' CAT claim to the BIA, as that claim was not presented as part of this appeal and was therefore waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

**PETITION FOR REVIEW GRANTED; CASE REMANDED IN PART.**

W. FLETCHER, Circuit Judge,
Dissenting:

The adverse credibility finding of the Immigration Judge (IJ) is supported by substantial evidence. There are substantial discrepancies between the police report of the incident on June 19, 2003, on the one hand, and petitioner's written statement and testimony, on the other hand. Petitioner was on notice of the discrepancies between his narrative of the incident and the narrative in the police report, and of the need to explain the discrepancies. Petitioner's explanation for the discrepancies only accounted for the police report's failure to mention the Shining Path. The other material discrepancies also go to the heart of petitioner's claim. Petitioner did not explain those discrepancies. Because substantial evidence supports the IJ's finding that petitioner's testimony was not credible, I would deny the petition. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir.2007); *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004).