MEMORANDUM *
Gamaliel Plasencia Soto (Soto) petitions for review of the Board of Immigration Appeal’s (BIA’s) affirmance of an immigration judge’s (IJ’s) order of removal No. (05-70977) and its denial of his motion to reopen (05-73313). We have limited jurisdiction pursuant to 8 U.S.C. § 1252(a), and we dismiss in part and deny in part.
1. Soto argues that the BIA erred when it affirmed the IJ’s order of removal because he was allegedly “admitted” as a beneficiary of the Family Unity Program, see 8 C.F.R. § 236.12, and was therefore (1) not inadmissible under 8 U.S.C. § 1182(a)(6)(A)®, INA § 212(a)(6)(A)®, as charged in the Notice to Appear, and (2) eligible for cancellation for certain lawful permanent residents (LPRs) under 8 U.S.C. § 1229b(a). Because Soto failed to exhaust his administrative remedies as to these claims, we have no jurisdiction to review them. See 8 U.S.C. § 1252(d)(1).
2. Soto next argues that the BIA erred in affirming the IJ’s determination that his convictions under California Penal Code sections 273.5(a) and 273a(b) were crimes involving moral turpitude that rendered him inadmissible and therefore ineligible for adjustment of status. See 8 U.S.C. §§ 1182(a) (2) (A) (i) (I), 1255(a). However, we lack jurisdiction to review this claim because Soto failed to exhaust his administrative remedies regarding this issue. See 8 U.S.C. § 1252(d)(1).
3. Soto challenges the BIA’s determination that the IJ properly denied his application for a waiver of inadmissibility under 8 U.S.C. § 1182(h), INA § 212(h). We have jurisdiction to review his challenges to this discretionary determination only to the extent he raises questions of law or constitutional questions. 8 U.S.C. §§ 1252(a)(2)(B)®, (D).
Soto first argues that the IJ violated his right to procedural due process by prejudging his credibility on the basis of a police report documenting the incident underlying his conviction and denying § 212(h) relief on the basis of this adverse credibility determination. However, we agree with the BIA’s determination that the IJ properly denied § 212(h) relief on the basis of Soto’s false testimony. Soto testified that he did not hit his wife or hold her hands. The IJ, however, credited his wife’s conflicting testimony that Soto twisted her arms or hand and slapped her. Substantial evidence supported the IJ’s adverse credibility determination, and the record does not demonstrate that he prejudged Soto’s credibility.
*607 Soto also argues that the IJ failed to consider the proper discretionary factors before denying § 212(h) relief and failed to explain the reasons for his denial. We conclude that, in light of the sparse evidence presented regarding extreme hardship to Soto’s United States citizen spouse and children, see 8 U.S.C. § 1182(h), and Soto’s false testimony, the IJ sufficiently considered the proper factors[1] and adequately explained his rationale for denying the waiver of inadmissibility. See Shooshtary v. INS, 39 F.3d 1049, 1051 (9th Cir.1994).
4. Soto also argues that the IJ improperly denied post-hearing voluntary departure on the basis of Soto’s false testimony. 8 C.F.R. § 1240.26(c)(1)(H); 8 U.S.C. § 1101(f)(6). Soto contends that he did not have the subjective intent to deceive for the purpose of obtaining immigration benefits because he was forthcoming regarding the incident and his criminal convictions. However, as noted above, the IJ’s credibility finding was to the contrary and was supported by substantial evidence.
5. Soto finally argues that the BIA, in dismissing his direct appeal and denying his motion to reopen, erred in determining that Soto had not established a claim of ineffective assistance of counsel. We agree with the BIA that, assuming Soto could establish ineffective assistance of counsel, he has nonetheless failed to demonstrate prejudice; he cannot show that any ineffectiveness “ ‘potentially affected the outcome of the proceedings.’ ” Colmenar v. INS, 210 F.3d 967, 972 (9th Cir.2000) (quoting Campos-Sanchez v. INS, 164 F.3d 448, 450 (9th Cir.1999)).
Soto has not shown that ineffective assistance resulted in the IJ’s denial of all relief from removal. The IJ denied all requested relief on the basis of Soto’s false testimony, see 8 U.S.C. § 1182(h) (waiver of inadmissibility), 8 C.F.R. § 1240.26(c)(l)(ii) (post-hearing voluntary departure), and Soto has failed to demonstrate that this false testimony resulted from the deficient performance of his attorney. Although Soto also asserts that his counsel’s failure to apply for cancellation of removal constituted ineffective assistance of counsel, he is ineligible for cancellation of removal for certain LPRs because he is not an LPR, see 8 U.S.C. § 1229b(a), and he would have been barred from receiving cancellation of removal for non-LPRs as a result of his false testimony, see 8 U.S.C. § 1101(f)(6), 8 U.S.C. § 1229b(b)(l)(B).
Soto also argues that his counsel was ineffective in failing to advise him against conceding his inadmissibility and that this failure caused the IJ to determine, erroneously, that Soto was inadmissible. However, because Soto failed to exhaust his administrative remedies regarding this issue; we do not have jurisdiction to review his claim. See 8 U.S.C. § 1252(d)(1).
No. 05-70977: PETITION DISMISSED IN PART and DENIED IN PART.
No. 05-73313: PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. In his brief, Soto argues that the IJ should have considered factors such as the long duration of his residency in the United States, his property and business ties, his history of employment, etc. These factors, however, relate to a discretionary grant of relief under former INA § 212(c). See Matter of Marin, 16 I. & N. Dec. 581, 584-85 (BIA 1978). These factors are not relevant to a § 212(h) analysis. See 8 U.S.C. § 1182(h).