Leonardo CAMPOS–SANCHEZ,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 97–70990.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 11, 1998. *

Decided Jan. 6, 1999.

---

\* The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34–4.

Nora Privitera, San Francisco, California, for petitioner.

Frank W. Hunger, Karen Fletcher Torstenson, Timothy P. McIlmail, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent.

Before: FARRIS, REINHARDT, and HAWKINS, Circuit Judges.

REINHARDT, Circuit Judge:

Leonardo Campos–Sanchez petitions this court for review of a final order of the Board of Immigration Appeals ("BIA") denying his request for asylum and withholding of deportation. We conclude that the BIA erred in failing to provide Campos–Sanchez with a reasonable opportunity to offer explanations for alleged discrepancies between his testimony and his asylum application that formed the basis for its denial of asylum and withholding of deportation. Accordingly, we remand to the BIA so that it may afford Campos–Sanchez a hearing on credibility, and, if he is deemed credible, determine the merits of his claim for asylum. However, nothing herein shall preclude the BIA from deeming petitioner credible without a hearing.

*Background*

Campos–Sanchez, a native and citizen of Colombia, entered the United States on December 10, 1991 on a visitor's visa. He overstayed his visit and applied for asylum and withholding of deportation pursuant to 8 U.S.C. secs. 1158(a) and 1253(h).

In his application for asylum and a sworn affidavit, Campos–Sanchez stated that he fled Colombia because members of guerrilla and narco groups threatened to kill him on account of his investigative work as a member of the Colombian Judicial Police. He states that because he was instrumental in developing intelligence information on drug traffickers, as well as active in investigating killings, bombings and other unlawful activities suspected to have been committed by subversive groups, he was well known in the communities in which he worked. He also states that two groups of his co-workers were attacked and killed by guerrillas, and that he received threatening phone calls making reference to these attacks, and telling him that he would be next.

The INS notified Campos–Sanchez of its intent to deny his application, based on its finding that he did not establish past persecution or a well-founded fear of future persecution on account of a protected ground. In its Intent to Deny Letter, the INS told Campos–Sanchez that his interview testimony was "detailed, specific, internally consistent and consistent with the written I–589 application. You provided detailed answers to questions posed and your testimony also was consistent with known country conditions. The Service therefor finds your testimony credible."

At the deportation hearing, Campos–Sanchez testified extensively about his work and the threats that he received against his life. The Immigration Judge ("IJ"), like the INS, expressly found Campos–Sanchez credible: "The Court has carefully observed the respondent's testimony and demeanor. The Court is persuaded that the respondent is credible and that what he has testified to could have happened in the manner in which he described it." The IJ denied him asylum, however, because he found that Campos–Sanchez's claim of persecution did not rise to the requisite level of a well-founded fear, and that his persecution was not on account of political opinion or membership in a particular social group.

Campos–Sanchez appealed the IJ's decision to the BIA, asserting that the drug traffickers who threatened him imputed a pro-government political opinion to him, and that his police employment constituted membership in a particular social group for purposes of asylum. The BIA conducted an independent review of the record and identified a number of discrepancies between Campos–Sanchez's testimony and his written submissions. The inconsistencies appear to be minor in nature. The BIA also noted a lack of corroborating evidence. It did not rely on the grounds relied on by the IJ; rather, it

denied him asylum and withholding of deportation based solely on its adverse assessment of his credibility.

Campos–Sanchez seeks review of the BIA's decision before this court, arguing that the BIA violated his right to due process by making an adverse credibility determination without affording him an opportunity to offer contrary evidence.

### The Requirement of a "Full and Fair Hearing"

■ The Fifth Amendment guarantees due process in deportation proceedings. *See Ramirez v. INS,* 550 F.2d 560, 563 (9th Cir. 1977). Under this Circuit's case law, an alien must receive a "full and fair hearing," in order to meet the requirements of due process. *See, e.g., Castillo–Villagra v. INS,* 972 F.2d 1017 (9th Cir.1992); *Barraza Rivera v. INS,* 913 F.2d 1443, 1447 (9th Cir.1990). In addition to the protections established by the Constitution and our case law, an alien's right to a full and fair hearing is also protected by specific statutory and regulatory provisions. *See, e.g.,* 8 U.S.C. sec. 1252(b), 8 C.F.R. sec. 242.16(a)(aliens must be provided reasonable opportunity to present testimony in their own behalf); 8 C.F.R. sec. 208.10(b) (aliens must have opportunity to inspect and rebut an advisory opinion from the State Department). If the prejudice to the alien is sufficiently great, denial of the right to a full and fair hearing may violate the constitutional guarantee of due process. *See Barraza Rivera,* 913 F.2d at 1447. This court has found prejudice where an alien's rights are violated "in a manner so as potentially to affect the outcome of the proceedings." *United States v. Cerda–Pena,* 799 F.2d 1374, 1379 (9th Cir.1986).

■ In this case, the BIA independently reviewed the record and made an adverse credibility finding, which formed the sole basis for its denial of Campos–Sanchez's appeal. The BIA's opinion states that "[n]o explanation for the numerous discrepancies between the various versions has been offered." AR 4. Campos–Sanchez, however, had not been advised below that his credibility was questionable, or that any discrepancies appeared

to exist; nor was he asked to explain any such perceived discrepancies. Quite the contrary, both the INS and the IJ expressly found Campos–Sanchez to be credible. *See* AR 132 (INS Intent to Deny Letter); AR 34–35 (IJ's credibility finding). Thus, Campos–Sanchez had no notice of the inconsistencies perceived by the BIA, and no opportunity to explain them.

■ In this court's cases reviewing adverse credibility determinations made by the BIA, we have required that, in order to ensure a fair hearing, the BIA not only identify specific inconsistencies, but also "*address in a reasoned manner the explanations that [petitioner] offers for these perceived inconsistencies.*" *Osorio v. INS,* 99 F.3d 928, 931 (9th Cir.1996) (emphasis added). "[I]nconsistencies of less than substantial importance for which a plausible explanation is offered" cannot form the sole basis for an adverse credibility finding. *Garrovillas v. INS,* 156 F.3d 1010, 1013–14 (9th Cir.1998). *See also Vilorio–Lopez v. INS,* 852 F.2d 1137 (9th Cir.1988) (minor inconsistencies cannot serve as sole basis for adverse credibility finding). The logical corollary to the requirement that the BIA must address the explanations offered by a petitioner is that the BIA must provide a petitioner with a reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum.

■ To deny Campos–Sanchez an opportunity to be heard in these circumstances was a denial of the "full and fair hearing" required by the Fifth Amendment and this Circuit's case law regarding fair deportation proceedings. When the BIA decides a case based on an independent, adverse, credibility determination, contrary to that reached by the IJ, it must give the petitioner an opportunity to explain any alleged inconsistencies that it raises for the first time. This matter is remanded for proceedings at which Campos–Sanchez may respond to the perceived inconsistencies, offer explanations, and be heard on his credibility, unless the BIA decides without further formal proceedings that

his testimony is credible.[1]

REVERSED and REMANDED.

1.  We note also that if the BIA finds the petitioner credible on remand, it should not *require* corrob-·orating documents in order to establish his claim of a well-founded fear of persecution.  Our cases are clear that such corroboration is encouraged but not required.  *See, e.g., Garrovillas,* 156 F.3d at 1016–17 (corroborative evidence is not necessary for a petitioner to establish past persecu-tion); *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997) ("Because asylum cases are inherently difficult to prove, an applicant may establish his case through his own testimony alone"); *Aguilera–Cota v. INS,* 914 F.2d 1375, 1379 (9th Cir. 1990) (recognizing that refugees frequently do not possess documentary evidence regarding events related to persecution).