**Alevtina Niklaievena GOSTEVA, Petitioner,**

v.

**John ASHCROFT,* Attorney General, Respondent.**

No. 00–70650.

I & NS No. A–75–259–988.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2001.

Decided Aug. 28, 2001.

---

* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

Before SCHROEDER, Chief Judge, T.G. NELSON and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Alevtina Gosteva, a native and citizen of Russia, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's denial of her application for asylum and withholding of deportation. Gosteva argues that she was denied a full and fair hearing before the Immigration Judge ("IJ"). We deny the petition for review, because we hold that she has failed to establish a violation of due process.

The Fifth Amendment guarantees due process in deportation proceedings. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). An alien must therefore receive a full and fair hearing and must be given a reasonable opportunity to present evidence on her behalf. *See Jacinto v. INS,* 208 F.3d 725, 727–28 (9th Cir.2000). We will find a denial of due process only where the alien shows prejudice; that is, where the alleged procedural flaw potentially affects the outcome of the proceedings. *See Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999).

Gosteva has failed to show prejudice from the procedural violations that she alleges. In her asylum application, her brief before the BIA, and her brief before this court, she fails to describe any basis for fearing persecution on account of political or religious beliefs. She has therefore not made the required showing that additional testimony would potentially affect the outcome of the proceedings. Furthermore, the record shows that the IJ did not prevent Gosteva from fully telling her story. The transcript of the hearing shows that the IJ was attempting to help develop the testimony of a meandering witness, not inhibit it. For the most part, the IJ asked open-ended questions. She did not badger Gosteva, cut off pertinent testimony, or do more than try to keep the discussion on point. *Compare Colmenar,* 210 F.3d at 972 (finding prejudice where a native and citizen of the Philippines made conclusory, yet specific, allegations of fear of political persecution by the New People's Army).

Because Gosteva has failed to establish prejudice from the alleged procedural flaws, we hold that there was no violation of due process. We therefore deny the petition for review.

PETITION DENIED.

SCHROEDER, Chief Judge, dissenting.

In my view, the IJ did not give the pro se petitioner sufficient opportunity to explain the basis for her application claiming she feared persecution on account of her political or religious views. *See Jacinto v. INS,* 208 F.3d 725, 734 (9th Cir.2000).