654

**Dalay Alalila Arreaga SOLIS,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 00–70326.
I & NS No. A70 640 793.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 1, 2001.[*]

Decided Oct. 22, 2001.

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN and PAEZ, Circuit Judges, and KING, District Judge.**

MEMORANDUM ***

Petitioner Dalay Alalila Arreaga Solis ("Arreaga") appeals the denial of her applications for asylum and withholding of deportation. Arreaga also contends that her due process rights were violated in her hearing before the immigration judge ("IJ"). The facts and prior proceedings are known to the parties, and are restated here only as necessary. We have jurisdiction under the Immigration and Naturalization Act, § 242(a)(2)(B)(ii), and we deny the petition for review.

**I. Asylum and Withholding of Deportation**

Where the Board of Immigration Appeals ("BIA") reviews the IJ's decision de novo, as in this case, our review is limited to the BIA's decision, except to the extent that the Board expressly adopted the IJ's opinion. *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000) (citing *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995)). We review the BIA's decision denying an asylum application under the substantial evidence standard. *See id.; see also INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112

S.Ct. 812, 117 L.Ed.2d 38 (1992). This standard is extremely deferential, requiring a reviewing court to uphold the BIA's denial unless the petitioner demonstrates "that the evidence [ ] presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Elias–Zacarias*, 502 U.S. at 483–84.

Arreaga may be granted asylum if she demonstrates that she is unwilling to return to her country because "of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). If the evidence demonstrates a clear probability that she will be persecuted in her home country, withholding of deportation is required. *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir.1999).

A well-founded fear of future persecution must be both "subjectively genuine" and "objectively reasonable." *Cordon–Garcia*, 204 F.3d at 990. Because the IJ found Arreaga's testimony credible, she has met the subjective component of this test. The BIA held that Arreaga had not demonstrated a well-founded fear of persecution because "[g]eneral conditions of political upheaval which affect the populace as a whole are insufficient to establish an alien's eligibility for asylum." *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1151 (9th Cir.2000) (citing *Vides–Vides v. INS*, 783 F.2d 1463, 1469 (9th Cir.1986)). Arreaga testified that members of her community were attacked even if they were not involved in her father's political party. Substantial evidence supports the BIA's deter-

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

mination that Arreaga's family had not been specifically targeted because of her father's political activities.

The BIA also relied on a February 1997 report from the Department of State's Bureau of Democracy, Human Rights, and Labor that indicates that conditions in Guatemala have changed as a result of a 1996 peace treaty. In particular, the report states that members of Arreaga's father's party are safe if they are not in their home communities. Because we have previously held that "[w]hen determining whether a fear is 'well-founded,' [we] consider evidence that a person could safely move elsewhere in their home-country," *Cordon-Garcia,* 204 F.3d at 991, it is relevant that Arreaga would apparently not be in danger if she returned to Guatemala and lived in a different community. The BIA's decision is supported by substantial evidence. In sum, the evidence before the BIA does not compel a finding that Arreaga is eligible for asylum.

■ Because Arreaga has not met the standard for asylum, she necessarily cannot meet the test for withholding of deportation. *See Rodriguez-Rivera v. INS,* 848 F.2d 998, 1007 (9th Cir.1988) (as amended).

**II. Due Process**

■ Because Arreaga has alleged "at least a colorable constitutional violation," we have jurisdiction to review her claim of due process violations in her deportation hearing. *Torres-Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). We review Arreaga's claim de novo. *Jacinto v. INS,* 208 F.3d 725, 727 (9th Cir.2000).

Due process requires that an alien receive a full and fair hearing, *id.,* and a reasonable opportunity to present evidence on his behalf. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). To obtain reversal, the alien must also establish prejudice, which "means that the outcome of the proceeding may have been affected by the alleged violation." *Id.* at 971 (citing *Campos-Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999)).

■ Like the BIA, we find that there was no due process violation in the deportation hearing. Arreaga received a full and fair hearing and opportunity to present her case. The IJ encouraged Arreaga to obtain a lawyer and gave her multiple opportunities to do so. Arreaga claimed to have consulted an attorney but decided "that whatever the attorney might have to say, I think I can do it also." The IJ gave Arreaga additional time to prepare for the hearing, provided clear instructions on what she could do to substantiate her claim, and also explained the burden of proof. The IJ excluded Arreaga's documentary evidence only after instructing her to bring three copies. At the hearing, he allowed Arreaga to refer to the excluded document. The IJ allowed Arreaga to testify in narrative form, only asking questions to clarify her testimony. *Cf. Jacinto,* 208 F.3d at 736 (Trott, J., dissenting) ("The I.J. presiding at the asylum hearing was helping her.") (emphasis in original). And at the conclusion of the hearing, the IJ gave Arreaga a second opportunity to state her case in narrative form. Arreaga's due process rights were not violated at the hearing before the IJ.

PETITION DENIED.