**Eufemio CARRASCO–HERRERA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74364.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 11, 2003.

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony C. Payne, Esq., DOJ–U.S. Department Of Justice, Civil Div./Office of Immigration Lit. Station, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and MCKEOWN, Circuit Judges.

MEMORANDUM **

Eufemio Carrasco–Herrera petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") order denying Carrasco–Herrera's application for cancellation of removal. We review de novo claims of due process violations. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

Carrasco–Herrera contends the IJ violated his Fifth Amendment right to due process when it denied a fourth continuance to permit Carrasco–Herrera to review official conviction documents produced twelve days prior.

Due process requires that aliens receive a "full and fair hearing" in the immigration context. *Campos–Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir.1998). We will only reverse the BIA's decision on due process grounds "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Colmenar*, 210 F.3d at 971 (internal quotations and citations omitted). An alien must also demonstrate that the challenged conduct affected the outcome of the removal proceedings. *Id.*

Carrasco–Herrera's contention that the IJ denied him due process of law by refusing to continue the December 22, 1998

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

removal hearing is unpersuasive. The IJ had previously granted three continuances and advised Carrasco–Herrera to be prepared to argue the merits on December 22. Over a period of three and a half months, the IJ conducted four hearings, all of which Carrasco–Herrera attended with counsel. Further, the IJ issued a thorough six-page order explaining that Carrasco–Herrera is "simply not eligible" for cancellation of removal as a matter of law.

Carrasco–Herrera has failed to demonstrate that he was "prevented from reasonably presenting his case," or that the outcome of the proceedings would have been different if the IJ had granted a fourth continuance. Consequently, the IJ's discretionary denial of Carrasco–Herrera's motion for a continuance was not a violation of his Fifth Amendment right to due process.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.