Maria **GHERMAN**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney
General, Respondent.

No. 04–73798.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 2006.

Decided July 3, 2006.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Jagdip Singh Sekhon, Esq., Sekhon & Sekhon, PLC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Kristin K. Edison, Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, O'SCANNLAIN, and THOMAS, Circuit Judges.

### MEMORANDUM *

Maria Gherman petitions for review of the Board of Immigration Appeal's ("BIA") affirmance of the immigration judge's ("IJ") denial of her applications for asylum and withholding of removal. We grant the petition for review and remand for further proceedings. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here

■ An IJ must support an adverse credibility finding with "specific, cogent reasons" that are "substantial and bear a legitimate nexus to the finding." *Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003); *Salaam v. INS,* 229 F.3d 1234, 1238 (9th Cir.2000). Where none of the grounds identified by the IJ is supported by the evidence and goes to the heart of the claims of persecution, we must reject the adverse credibility finding. *Kaur v. Ashcroft,* 379 F.3d 876, 890 (9th Cir.2004).

The IJ based his finding that Gherman was not credible on three factors. The first two were the IJ's perception of her testimony as "materially inconsistent, vague, and lacking in detail" with respect to her faith as a Pentecostal, and her story

of her arrest, detention, and rape by two policemen. The third was perceived deficiencies in Gherman's documentary evidence in support of her application. None of these bases can support the finding.

■ The IJ relied on three particular "inconsistencies and lack of detail" with respect to Gherman's Pentecostal faith: (1) her appearance; (2) the propriety of singing and dancing in the Pentecostal church; and (3) particular details of the Pentecostal faith.

Assuming, *arguendo,* that there is some contradiction between Gherman's profession to be a devout Pentecostal and her attire, she offered the plausible explanation that her particular church is no longer as strict about such matters. The IJ failed to address this explanation or to explain how the government's evidence could rebut it. *Cf. Zheng v. Ashcroft,* 397 F.3d 1139, 1143–44 (9th Cir.2005) (holding that an IJ may not use general information contained in a State Department Report to discredit specific testimony regarding an applicant's personal experience). "Because an adverse credibility finding is improper where an IJ fails to address a petitioner's explanation for a discrepancy or inconsistency, this testimony does not provide substantial evidence to support an adverse credibility determination." *Singh v. Gonzales,* 439 F.3d 1100, 1106 (9th Cir.2006) (internal quotation marks omitted).

Also impermissible was the IJ's reliance on Gherman's supposedly inconsistent statements as to the permissibility of singing and dancing in the Pentecostal church as support for the adverse credibility finding. When confronted with the discrepancy, Gherman explained that she had been confused by the question, and answered fully. Because the IJ refused to address

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Gherman's explanation, this discrepancy cannot support the adverse credibility finding. *See Kaur,* 379 F.3d at 887.

The IJ also relied on Gherman's supposed lack of knowledge about five particular aspects of her faith. The IJ misreads the government's documentary evidence; the record does not state that Pentecostals are the largest minority religions in Romania or that there is no evidence of harassment of Pentecostals. Moreover, Gherman's testimony as to all aspects of her religion demonstrates her familiarity with its tenets. Her failure to respond to the government's vague questioning with all relevant details about her faith does not go to the heart of her claim and cannot support the adverse credibility finding. *Guo v. Ashcroft,* 361 F.3d 1194, 1201 (9th Cir. 2004).

■ The IJ also erred when he noted but refused to credit or give reasons for rejecting Gherman's explanation for the discrepancy as to the extent of her medical treatment following the rape. *Guo v. Ashcroft,* 361 F.3d 1194, 1200 (9th Cir.2004).

■ Neither can the BIA's additional grounds for the adverse credibility finding support it. We have held that an inconsistency that the petitioner was not given an opportunity to explain does not constitute substantial evidence of adverse credibility. *Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004); *Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999). Because the supposed inconsistencies were not pointed out to Gherman so that she might explain, this is an impermissible basis for the adverse credibility finding.

In sum, because none of the bases relied on by the IJ and the BIA was valid, we must reject the finding that Gherman was not credible, and take her testimony as true. *Kaur,* 379 F.3d at 890; *Damaize– Job v. INS,* 787 F.2d 1332, 1338 (9th Cir. 1986).

■ Gherman's testimony showed past persecution. Indeed, at oral argument, counsel for the government conceded that Gherman's testimony, if credible, established past persecution. "Past persecution" for asylum purposes is: "(1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control." *Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir.2000).

Although the IJ agreed with Gherman that her rape by the police rises to the level of persecution, he disagreed that it was motivated by a protected ground. The IJ reasoned that because the policemen were motivated by their perception of Gherman as a prostitute, they were not motivated by her religion. This was directly contrary to our holding that a persecutor may have more than one motive, and an applicant need only show that a protected ground was one part of the motivation. *Nuru v. Gonzales,* 404 F.3d 1207, 1226 (9th Cir.2005).

Under this mixed-motive analysis, the statements by the policemen to Gherman during and after her detention and rape compel the conclusion that the arrest, detention, beating and rape were at least in part motivated by Gherman's religion. *Kebede v. Ashcroft,* 366 F.3d 808, 812 (9th Cir.2004).

■ Finally, Gherman's testimony that the rape was committed by two beat policemen, with the knowledge of their commanding officer, satisfies the requirement that the persecution be committed by government forces or forces that the government is unable or unwilling to control. *See Boer–Sedano v. Gonzales,* 418 F.3d 1082, 1088 (9th Cir.2005) ("Police officers are the prototypical state actor for asylum purposes.")

The IJ therefore erred in finding that Gherman had not shown past persecution, and the BIA erred in affirming that decision. We remand for the agency to reconsider her applications for relief in a manner consistent with this decision. In particular, on remand, Gherman is entitled to the presumption of a well-founded fear of future persecution, which the government can then attempt to rebut through a showing that (1) conditions in Romania have changed so that she no longer has a well-founded fear of future persecution, or (2) she can reasonably relocate internally to an area of safety. 8 C.F.R. §§ 1208.13(b)(1)(i)(A), (b)(1)(i)(B).

PETITION GRANTED IN PART; REMANDED.