**Baldev SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73689.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 27, 2006.

Filed Nov. 15, 2006.

Daniel Hoyt Smith, Esq., MacDonald, Hoague & Bayless, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Helen J. Brunner, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, Richard M. Evans, Esq., Bryan S. Beier, Esq., Nancy E. Friedman, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN and KOZINSKI, Circuit Judges, and SHADUR,* Senior District Judge.

**MEMORANDUM**

1. The officers who arrested Singh testified that the family that drove Baljinder over the border claimed Singh asked them

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the

to do so. This testimony was corroborated by proof that Baljinder and Singh had met while in Canada. The IJ also found that Singh's claim that he feared persecution was belied by three lengthy trips Singh took to India. These inconsistencies justified the IJ's adverse credibility finding. *See Kaur v. Ashcroft,* 379 F.3d 876, 884 (9th Cir.2004).

2. Because we affirm the IJ's adverse credibility determination on other grounds, Singh's confession makes no difference. Singh has thus not shown that admission of the statement was prejudicial. *See Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999).

3. To be eligible for cancellation of removal, Singh must have "reside[d] in the United States continuously for 7 years." 8 U.S.C. § 1229b(a)(2). His continuous residence terminated in April of 2003, *see id.* § 1229b(d)(1)(2), and so he has not. The IJ thus did not err in concluding that Singh's I–751 petition couldn't help him.

**PETITION DENIED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.

