Shamasher **SINGH,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–73015.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

Martin Avila Robles, Esq., Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anna S. Peckham, Esq., Office of the U.S. Attorney, Great Falls, MT, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Shamasher Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002), and we deny the petition for review.

The IJ's adverse credibility determination is based on numerous inconsistencies within Singh's testimony and between his declaration and his testimony. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). Singh failed to provide a plausible explanation when the IJ repeatedly gave him the opportunity. *See Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999) (holding that a petitioner must be provided with a reasonable opportunity to explain any inconsistencies or discrepancies).

As the record does not compel the conclusion that Singh's testimony was credible, he has not established eligibility for asylum, withholding of removal, or relief under CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.