MEMORANDUM **
Samson Mehari Ghebremedhin, a native and citizen of Eritrea, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency’s factual findings, Gui v. INS, 280 F.3d 1217, 1225 (9th Cir.2002), and we review de novo questions of law, Vasquez-Zavala v. Ashcroft, 324 F.3d 1105, 1107 (9th Cir.2003). We grant the petition for review and remand for further proceedings.
The BIA found Ghebremedhin not credible because during his airport credible fear interview he omitted information that he had been imprisoned and mistreated. The asylum officer who conducted the English-language interview did not testify at the hearing, and the record does not contain a transcript of the interview or the asylum officer’s notes. Substantial evi-
dence therefore does not support the BIA’s reliance on this omission to find Ghebremedhin incredible, because the record does not support the agency’s rejection of Ghebremedhin’s explanation for the omission. See Singh v. Gonzales, 403 F.3d 1081, 1087-91 (9th Cir.2005) (stating that without officer testimony or detailed notes from the asylum interview, an Assessment to Refer provides insufficient evidence to support an adverse credibility determination); see also Campos-Sanchez v. INS, 164 F.3d 448, 450 (9th Cir.1999) (holding the BIA must address in a reasoned manner the explanations that a petitioner offers for perceived inconsistencies).
Because the BIA relied on its credibility finding to reject Ghebremedhin’s asylum, withholding, and CAT claims, we grant the petition as to all three claims. We remand for the further proceedings consistent with this disposition. See SotoOlarte v. Holder, 555 F.3d 1089, 1095-96 (9th Cir.2009).
Because we remand based upon the BIA’s unsupported adverse credibility finding we need not address Ghebreme-dhin’s due process claim. See Silaya v. Mukasey, 524 F.3d 1066, 1073 n. 2 (9th Cir.2008).
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.