MEMORANDUM **
The Immigration Judge (“IJ”) made an adverse credibility determination and therefore denied Atta’s applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). Neither of the IJ’s reasons for her adverse credibility determination is supported by substantial evidence in the record.
First, substantial evidence does not support the IJ’s determination that there was an inconsistency between Atta’s claim that he is a Christian and the information on his identity card. Although the government translated the identity card as stating Atta’s religion as “Muslim,” the gov *618 ernment’s translation was contrary to the testimony of two different court interpreters and to the certified translation of Atta’s translator, all of whom translated the identity card to state that Atta’s religion is “Christian.” All other evidence in the record is consistent with Atta’s testimony that he is Christian, and the IJ denied Atta’s request to cross-examine the government translator to clarify this inconsistency. Under these circumstances, the government’s unconfirmed translation does not constitute substantial evidence on which to base a credibility finding. “[A]n irregular translation cannot alone support an adverse credibility finding.” Singh v. Gonzales, 439 F.3d 1100, 1109 (9th Cir. 2006); see also Yeimane-Berhe v. Ashcroft, 393 F.3d 907, 911 (9th Cir.2004) (one questionable document alone is not substantial evidence that a petitioner lacks credibility).
Second, the IJ determined that Atta’s conduct after he was detained and beaten was implausible. Although an IJ is permitted “to exercise common sense in rejecting a petitioner’s testimony,” Jibril v. Gonzales, 423 F.3d 1129, 1135 (9th Cir. 2005), the IJ in this case impermissibly failed to ask about or afford Atta an opportunity to explain the conduct the IJ found questionable. “[T]he BIA must provide a petitioner with a reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum.” Campos-Sanchez v. INS, 164 F.3d 448, 450 (9th Cir.1999); see also Quan v. Gonzales, 428 F.3d 883, 886 (9th Cir.2005) (A petitioner’s “unclear testimony may not serve as substantial evidence for an adverse credibility finding when an applicant is not given the chance to attempt to clarify his or her testimony.”).
Because the I J’s adverse credibility finding is not supported by substantial evidence in the record, we vacate the credibility finding and the order of removal. We remand to the BIA to give Atta an opportunity to present further evidence on the translation of his identity card and the reasons for his conduct after he was detained and beaten. See Garrovillas v. INS, 156 F.3d 1010, 1015-16 (9th Cir. 1998).
Atta’s petition based on the motion to reopen is dismissed as moot.
PETITION FOR REVIEW GRANTED, ORDER VACATED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.