**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MUNA YUSUF HAILE, | No. 08-71904 |
| Petitioner, | Agency No. A096-351-698 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 9, 2013[**]
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges, and BELL, District
Judge.[***]

Muna Yusuf Haile, a native and citizen of Ethiopia, petitions for review of

the order of the Board of Immigration Appeals (BIA) denying her application for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert Holmes Bell, U.S. District Judge for the
Western District of Michigan, sitting by designation.

asylum, withholding of removal,[1] and relief under the Convention Against Torture (CAT). The parties agree that the law governing credibility determinations is that which was applicable prior to the REAL ID Act. Pub. L. No. 109-13, div. B, § 101(h)(2), 119 Stat. 231, 305 (2005). We have jurisdiction over Haile's petition as to the withholding of removal and CAT claims pursuant to INA § 242(a)(1), 8 U.S.C. § 1252(a)(1). We grant the petition as to those claims, deem Haile credible with respect to them, and remand for further proceedings. We dismiss the petition as to Haile's asylum claim, although we urge the BIA to reconsider its denial of asylum in light of the basis for our holding as to Haile's other claims.

As to Haile's withholding of removal and CAT claims, we hold that the adverse credibility finding made by the BIA and the Immigration Judge (IJ) (whose opinion was incorporated by the BIA into its decision) is unsupported by substantial evidence and that the evidence in the record compels the conclusion that Haile testified credibly. All but one of the grounds relied upon by the BIA and the IJ relate to Haile's arrival at Newark Airport and subsequent travels in New Jersey and California, and many are among the most trivial of inconsistencies (*e.g.*, whether or not the individual who assisted Haile with her asylum application was

---

[1]Haile was granted withholding of removal to Kenya (a determination that is not the subject of this appeal) but denied withholding of removal to Ethiopia. We refer in this disposition solely to the latter claim for relief.

2

talking on his cell phone when they first met). These alleged inconsistencies have no bearing at all on the persecution that Haile suffered and are therefore not properly the basis of an adverse credibility finding. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir. 2003). Further, many of the alleged inconsistencies (*e.g.*, that Haile, as an individual with limited English, could not have lived with homeless individuals) are based not on evidence, but rather on the IJ's own speculation and conjecture. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000) (speculation and conjecture may not form the basis of an adverse credibility determination).[2]

The only alleged inconsistency that pertains to the persecution Haile suffered was that regarding her recollection of events that occurred in Ethiopia when she was two or three years old. We hold that the IJ's conclusion regarding her testimony in this respect is unsupported by substantial evidence. Contrary to the IJ's assertion, Haile never claimed that she directly remembered any of the events that occurred when she was a young child. Indeed, she volunteered quite

_____

[2]Nor was Haile given the opportunity to explain any of the alleged inconsistencies raised by the IJ (much less those raised in the first instance by the BIA in its decision), as our circuit requires. *See Campos-Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999) (due process requires that a non-citizen be given a chance to explain any alleged inconsistencies and that the BIA give reasoned consideration to the non-citizen's response).

early in her testimony regarding those events (and before any alleged prompting) that she was relating occurrences that had been described to her by others. Haile's psychologist testified that she had offered the same explanation of how she knew of the events during her psychological interview. Finding no proper basis upon which to support an adverse credibility determination, we grant the petition for review as to Haile's withholding of removal and CAT claims. We remand for further consideration of these claims with the instruction that the BIA accept Haile's testimony as credible. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 689 (9th Cir. 2003).

As to Haile's asylum claim, the BIA held that she was statutorily ineligible for asylum because she failed to prove that she had filed her asylum application within the one-year deadline. *See* INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). We lack jurisdiction to review the BIA's factual determination that an applicant has not met the filing deadline, INA § 208(a)(3), 8 U.S.C. § 1158(a)(3), although we retain jurisdiction over questions of law and constitutional questions, INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). In her reply brief, Haile conceded that we lack jurisdiction over her petition for review with respect to her asylum claim. We therefore do not address that claim on the merits, and dismiss it for lack of jurisdiction.

We note, however, that the denial of Haile's asylum claim was based on the same adverse credibility finding that we hold in this disposition to be unsupported by substantial evidence.  In light of this holding, we strongly urge the BIA, on remand, to reconsider its holding with regard to that claim as well.  *See Shire v. Ashcroft*, 388 F.3d 1288, 1299 n.8 (9th Cir. 2004).

**REVERSED IN PART and REMANDED; DISMISSED IN PART.**[3]

---

[3]Haile is awarded costs on appeal.