**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VADIM FRUMUSACHI,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 12-72474<br><br>Agency No. A089-303-677<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 2, 2015[**]
Seattle, Washington

Before: HAWKINS, GOULD, and N.R. SMITH, Circuit Judges.

1.     Substantial evidence does not support the  Board of Immigration Appeals'

(BIA) adverse credibility determination.  The BIA determined that Frumusachi was

not credible because he had discrepancies between his testimony and written

application.  Most notably, Frumusachi did not include his November 2006 arrest

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in his written materials, nor did he allege that his family has been harassed since he left Moldova.

As a general rule, "we have held that a mere lack of detail in the initial asylum application that the applicant later clarifies at the immigration hearing cannot serve as a basis for an adverse credibility finding." *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (citation omitted). "Omissions are not given much significance because applicants usually do not speak English and are not represented by counsel" when they file asylum applications. *Kin v. Holder*, 595 F.3d 1050, 1056 (9th Cir. 2010). However, we have also said that omissions that are so "pivotal" and "dramatic" to an applicant's asylum claim may constitute substantial evidence to support an adverse credibility finding. *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003).

The omissions cited by the BIA are neither "pivotal" or "dramatic." First, it is not clear that Frumusachi actually omitted the November 2006 arrest from his application. Frumusachi used Google translation to complete his application, which in addition to his other arrests included a reference to "being arrested twice by the same police," and being "kept a few nights imprisoned." At the hearing before the IJ, Frumusachi suggested that the arrest was written in his application, albeit without a date. Therefore, the BIA may have erred in concluding an

omission existed in the first instance. Moreover, given the lack of confrontation and opportunity to explain the alleged omissions, these omissions cannot support an adverse credibility finding. *See Guo v. Ashcroft*, 361 F.3d 1194, 1200, 1202 (9th Cir. 2004) ("[U]nclear [or vague] testimony may not serve as substantial evidence for an adverse credibility finding when an applicant is not given the chance to attempt to clarify his or her testimony.").

The BIA also concluded that Frumusachi was not credible[1] because it was implausible that Frumusachi could obtain a certificate of good standing from the police in order to leave Moldova at the same time he alleges that the police were arresting and beating him. Again the BIA's determination is not supported by substantial evidence. First, the BIA's decision is based on impermissible speculation on how the government in Moldova operates. *See Kaur v. Ashcroft*, 379 F.3d 876, 887-88 (9th Cir. 2004) (superseded by statute on other grounds)

---

[1] The BIA did not suggest in its opinion that it was making a de novo credibility finding, but rather that it was reviewing the immigration judge's (IJ) credibility findings for clear error. Therefore, the BIA's additional reason may be procedural error. However, Frumusachi did not argue that the BIA's decision was improper on this basis so we will assume that it was properly made. *Cf. Pal v. INS*, 204 F.3d 935, 939 (9th Cir. 2000) (in determining whether the BIA could make an independent credibility finding, we noted petitioner's "interpretation of *Campos-Sanchez* [*v. INS*, 164 F.3d 448 (9th Cir.1999)], would eviscerate the BIA's authority to 'conduct a de novo review of the record, to make its own findings, and to determine independently the sufficiency of the evidence'").

(holding that "personal conjecture about the manner in which Indian passport officials carry out their duties" could not support an adverse credibility finding). Second, Frumusachi was not clearly confronted with this alleged inconsistency and, to the extent he was, the BIA failed to address his reasonable explanation for the perceived inconsistency. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009) (IJ's "lack of consideration given to [petitioner's] proffered explanation was error and prevent[ed] the underlying inconsistency from serving as substantial evidence.").

2.     Substantial evidence does not support the BIA's affirmance of the IJ finding that Frumusachi "failed to submit reasonably available corroborative evidence." Prior to and during the merits hearing, the IJ never provided Frumusachi notice that corroborative evidence was required. *See Ren v. Holder*, 648 F.3d 1079, 1090-91 (9th Cir. 2011). Where, as here, "an IJ's other reasons for finding an asylum applicant not credible are not supported by substantial evidence, the applicant, being 'otherwise credible,' is entitled to notice that he needs to produce corroborative evidence and an opportunity to either produce the evidence or explain why it is unavailable." *Lai v. Holder*, 773 F.3d 966, 976 (9th Cir. 2014). Although Frumusachi was asked why he did not produce corroborative evidence at the hearing, he was never asked whether he could obtain corroborating evidence,

4

nor did he testify that he could not obtain corroborating evidence (i.e., it was unavailable). "The REAL ID Act requires, as we recognized in *Ren*, that the IJ provide [Frumusachi] with an opportunity to navigate the risks and logistical complexity in obtaining the requested corroborative evidence or, in the alternative, an opportunity to explain why it is not reasonably available." *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1095 (9th Cir. 2014).

Accordingly, we grant the petition with respect to Frumusachi's claims for asylum, withholding of removal, and Convention Against Torture relief, and remand on an open record to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Soto-Olarte*, 555 F.3d at 1093-96.

**PETITION GRANTED; REMANDED.**