FILED

**NOT FOR PUBLICATION**

SEP 04 2019

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

FANY ARYANE FAJARDO-PAZ;
LOHANY SAMAHY HERNANDEZ-
FAJARDO,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-71056

Agency Nos.        A206-733-003
                   A206-733-004

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 30, 2019[**]
Seattle, Washington

Before:  HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

Fany Aryane Fajardo-Paz ("Petitioner"), on behalf of herself and her minor

daughter Lohany Samahy Hernandez-Fajardo, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge's ("IJ") decision denying her application for asylum, withholding of removal, and CAT protection. We deny the petition.

We have jurisdiction under 8 U.S.C. § 1252. "We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (internal citations omitted).

1. The BIA did not commit error in affirming the IJ's adverse credibility finding. We afford agency credibility determinations a "healthy measure of deference" because "IJs are in the best position to assess demeanor and other credibility cues that we cannot readily access on review." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010). To overturn an adverse credibility finding, Petitioner bears the burden to establish that no reasonable fact finder could find her testimony not credible. *See Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006). She cannot do so. In this case, Petitioner testified inconsistently on several issues, some of which reached the foundation of her claim. She misidentified her alleged abuser, was inconsistent about whether she and her abuser had any children together, and provided conflicting testimony about her abuser's gang affiliation. When provided the opportunity to explain her discrepant testimony, she responded

2

by laughing, smiling, or expressing nervousness, rather than answering the questions posed. While the BIA gave some weight to Petitioner's PTSD diagnosis in explaining this behavior, it found that the diagnosis failed to fully justify the discrepancies in Petitioner's testimony. Accordingly, a reasonable fact finder could credit the BIA's adverse credibility finding.

2. The BIA did not commit error in affirming the IJ's denial of relief under the Convention Against Torture ("CAT"). To qualify for CAT, Petitioner bears the burden to establish that "it is more likely than not that [she] would be tortured if removed to the proposed country of removal," 8 CFR § 208.16(c)(2), and that such torture will be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). As to the first prong, Petitioner may not meet her burden by relying on evidence found to be not credible. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003). As to the second prong, we have found that "a government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (internal citations omitted). Petitioner has not alleged that Honduras lacks domestic violence laws, only that its enforcement of those

3

laws is ineffective. Satisfying neither prong, Petitioner is not entitled to relief under CAT.

3. Petitioner was not denied due process. "The Fifth Amendment guarantees due process in deportation proceedings." *Campo-Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999). If Petitioner can establish "sufficiently great" prejudice such that her rights were violated "in a manner so as potentially to affect the outcome of the proceedings," then this Court may find a denial of due process has occurred. *Id.* (internal citations omitted). Here, Petitioner has not established any untoward behavior by the IJ or the BIA. The IJ's active involvement in Petitioner's hearing does not violate due process. 8 C.F.R. § 1003.10 (allowing IJs to question witnesses in immigration hearings). Even if Petitioner could show that the IJ acted with some bias against Petitioner, "if the factual record adequately supports the denial of an alien's application for relief, we cannot find that the alleged bias held by the IJ was the basis for the denial of the application." *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007).

4. Petitioner challenges the BIA's refusal to administratively close her case. Even assuming the BIA or IJ had the power to administratively close the proceedings, *see Matter of Castro-Tum*, 27 I. & N. Dec. 271, 271 (2018), Petitioner

fails to argue that administrative closure was appropriate under the governing standard, *see Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 893 (9th Cir. 2018).

**PETITION DENIED.**