NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEYI SHAO, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 15-72808 Agency No. A089-893-002 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2021[**]
Pasadena, California

Before: KLEINFELD, R. NELSON, and VANDYKE, Circuit Judges.

Petitioner Heyi Shao, a Chinese national, seeks review of a Board of

Immigration Appeals ("BIA") decision affirming the Immigration Judge's ("IJ")

final order of removal based on an adverse credibility finding. We have jurisdiction

under 8 U.S.C. § 1252 to review final orders of removal issued by the BIA. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review BIA denials of asylum, withholding of removal, and relief under the Convention Against Torture, including adverse credibility determinations, for substantial evidence. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). This court recently replaced the "single factor" test for adverse credibility determinations with a totality of the circumstances test. *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). Therefore, we apply a totality of the circumstances test to determine whether the IJ's decision was supported by substantial evidence. *See id*. We deny the petition.

Shao claims that he was introduced to Christianity in China after his divorce in 2006 and then arrested and detained on June 22, 2008, for organizing and attending a house church gathering. Upon his release, Chinese authorities closed the restaurant Shao owned and revoked his business license. Shao entered the United States on a B-1 visa in 2008. He applied for asylum, withholding of removal, and protection under the Convention Against Torture on January 2, 2009. An IJ denied his application based on his "insincere" and "materially inconsistent" testimony on September 26, 2013. Shao appealed the IJ's decision to the BIA, which dismissed Shao's appeal based on a series of inconsistencies in Shao's testimony on August 11, 2015.

When reviewing BIA decisions, we "consider only the grounds relied upon by that agency," *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011)

(citation omitted), and may not affirm upon grounds the BIA did not rely upon itself, *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We conclude that the BIA decision was supported by substantial evidence.

1. When testifying before the IJ about a restaurant he owned in China, Shao stated that he opened it in China in 1992. But in his asylum application, Shao stated that he opened the restaurant in 1999. When Shao was confronted with this discrepancy, he replied that the restaurant was "not really full-fledged" until 1999. Shao argues that he was not provided a "reasonable opportunity to offer an explanation of [the] perceived inconsistencies that form[ed] the basis of" the denial of his asylum claim. *Campos-Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999).

This argument, however, does not align with the facts. Not only does the record demonstrate that Shao was expressly asked why there was a discrepancy, but he was also given a chance to explain it. Shao offered neither any evidence for the existence of the restaurant, nor an explanation for the discrepancy in his testimony.

2. Shao stated that he first married in 1983, but then divorced, reconciled, and later divorced the same woman again in 2006. He claims that the difficulty in dealing with his divorce prompted his interest in Christianity.

Shao submitted a 2011 letter from a friend in China that states that Shao's "wife" told the friend of the persecution Shao faced for being Christian. But Shao testified that he had not spoken to his wife since their divorce, which he testified was

3

before he became a Christian. Shao also submitted his household registration, which listed his marital status as married. He testified that the information in the registration was current and accurate but later said that he neglected to update his marital status because his wife moved to another district.

Shao argues that because his relationship with his wife was "discontinuous in nature, it is highly plausible that his friend may still refer to Shao's former spouse as his wife." While this argument may be persuasive, it fails to explain how his friend could have learned about Shao's persecution from someone who Shao testified that he had not spoken to. Shao also failed to offer a plausible explanation for why his marital status was listed incorrectly on his household registration.

3. In addition to addressing his marital status, Shao's household registration listed him as being employed in a medicine factory. Shao's only explanation about this contradictory statement was that he worked in the medicine factory "back in 1980." Additionally, Shao's asylum application listed a continuous address in China, but the register states that he moved in 2004.

Shao simply argues that "he has presented a plausible and persuasive explanation for his statements at trial in regard to the information contained in his household register." But we uphold the BIA's determination when it was supported by substantial evidence, as it was here. The record demonstrates that when

4

confronted with these inconsistencies, Shao was either non-responsive or unpersuasive, and Shao has not offered evidence that compels a different finding.

4. Finally, Shao testified and presented evidence that he attends a Lutheran Church in Monterey Park and that he was baptized at the Bread of Life Church. Shao presented a witness, however, who testified that Shao attends a Salvation Army church in San Gabriel and was baptized at the Church of Glory.

Shao makes neither a factual nor a legal argument here that persuasively resolves this inconsistency. Shao testified after his witness, but his follow-up did nothing to resolve the conflicting testimony. Therefore, the BIA's ruling on Shao's practice of Christianity in the United States was supported by substantial evidence.

Because each of the grounds for the decision was supported by substantial evidence, the totality of the circumstances support the BIA's adverse credibility ruling, and we deny the petition.

**PETITION DENIED.**