NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GONZALO FLORES, AKA Gonzalez
Flores-Castaneda,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-73279

Agency No. A099-828-685

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2022[**]
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and O'SCANNLAIN and GRABER, Circuit
Judges.

Gonzalo Flores petitions this Court to review Board of Immigration

Appeals' ("BIA") denial of his appeal claiming a due process violation by the

Immigration Judge ("IJ"). As the facts are known to the parties, we repeat them

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

only as necessary to explain our decision. We deny the petition.

The Fifth Amendment guarantees due process in immigration proceedings. *See Campos-Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999). Flores was entitled to a full and fair hearing of his claims and a reasonable opportunity to present his evidence. *See id.*; 8 U.S.C. § 1229a(b)(4). "As a general rule, an individual may obtain relief for a due process violation only if he shows that . . . the violation potentially affected the outcome of the immigration proceeding." *Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018).

Flores failed to do so. Contrary to his allegations, the BIA did not blindly accept IJ's potentially tainted conclusions. Instead, it reviewed the facts de novo. Unlike the Immigration Judge, the Board credited Flores's statements regarding his employment history, his child support payments, and the potential hardship to his third U.S. citizen child. Further, in making its discretionary determination, it disregarded the rock-throwing incident and Petitioner's subsequent voluntary departure to Mexico. However, due to the long list of Flores's brushes with the law and his lack of rehabilitation, the Board denied relief and dismissed the appeal.

Neither did the IJ limit the evidence Flores was allowed to present at the hearing. In arguing that IJ's bias precluded him from introducing additional evidence, Petitioner points to IJ's statement that the parties should not focus on hardship. However, that statement was made to the *Government*. The IJ explained

that he had decided that Petitioner successfully showed hardship to qualifying relatives and advised the parties to focus on discretion. If anything, the statement favored Petitioner because it prevented the Government from introducing evidence to support its case. In any event, Flores does not reveal exactly what evidence the IJ precluded him from introducing, failing again to demonstrate prejudice.

**PETITION DENIED.**