NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YERSI BENITO RUPAILLA CASTRO, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-1271 <br><br> Agency No. A241-880-825 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 21, 2025
San Francisco, California

Before: CHRISTEN, LEE, and BRESS, Circuit Judges.

Yersi Benito Rupailla Castro, a citizen of Peru, petitions for review of the

Board of Immigration Appeals' (BIA) order affirming the denial of Rupailla

Castro's application for asylum, withholding of removal, and deferral of removal

under the Convention Against Torture (CAT). We have jurisdiction under 8

U.S.C. § 1252(a)(1). We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We confine our review to the BIA's decision, except to the extent the BIA expressly adopted the Immigration Judge's (IJ) opinion. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). We review questions of law de novo and factual determinations for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

Even reading Rupailla Castro's notice of appeal to the BIA broadly, we conclude he did not appeal the IJ's finding that he had committed a serious nonpolitical crime prior to entering the United States that rendered him ineligible for asylum and withholding of removal. He failed to exhaust this claim, and so we do not consider it further. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020).

Assuming, without deciding, that Rupailla Castro exhausted his other claims, we find them unavailing. Rupailla Castro knowingly and voluntarily waived his right to counsel. At Rupailla Castro's initial hearing on November 21, 2022, the IJ informed Rupailla Castro of his right to obtain counsel and provided him with a list of free legal services. The attorney that had appeared in Rupailla Castro's bond hearing did not appear at his first two removal hearings, so the IJ granted Rupailla Castro two continuances to secure an attorney. When Rupailla Castro appeared for the third time without counsel on January 19, 2023, the IJ asked whether he would like to represent himself and Rupailla Castro responded, "[t]hat's right." The IJ stated that he found Rupailla Castro had waived his right to

counsel in the removal proceeding and asked whether Rupailla Castro understood—to which Rupailla Castro responded, "[y]es." *See Biwot v. Gonzales*, 403 F.3d 1094, 1100 (9th Cir. 2005). We agree with the BIA's conclusion that Rupailla Castro waived his right to counsel.

While the IJ did not provide Rupailla Castro with instructions in Spanish on procedures for introducing witnesses via the court's secure weblink at his merits hearing, he did not show that any error was prejudicial. *See Perez-Lastor v. I.N.S.*, 208 F.3d 773, 778–80 (9th Cir. 2000) (applying due process analysis to translation issues in immigration process). The IJ made efforts to accommodate Rupailla Castro's attempt to introduce his witness testimony by calling the witness on her cell phone and asking her questions, and by trying to call her back when the call ended abruptly. The IJ eventually determined that he would give no weight to the witness's testimony because she was uncooperative and because government counsel did not have the opportunity to cross-examine her. On this record, we do not conclude that "the IJ's 'conduct potentially affected the outcome of the proceedings,'" *Colmenar v. I.N.S.*, 210 F.3d 967, 972 (9th Cir. 2000) (quoting *Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir. 1999)), or "prevented the introduction of significant testimony," *Oshodi v. Holder*, 729 F.3d 883, 890 (9th Cir. 2013) (quoting *Lopez–Umanzor v. Gonzales*, 405 F.3d 1049, 1056 (9th Cir. 2005)), so as to constitute a due process violation.

24-1271

Substantial evidence supports the IJ's conclusion and BIA's affirmance that Rupailla Castro is ineligible for deferral of removal under the CAT. 8 C.F.R. § 1208.17(a). Rupailla Castro failed to substantiate his claims that his alleged attacks in prison or following release were carried out at the behest of or with the acquiescence of the Peruvian government. Rupailla Castro's testimony did not demonstrate, and the written evidence he submitted did not corroborate, his claims that the post-release attackers acted at the instigation or acquiescence of Peruvian officials. Nor does the record demonstrate that Rupailla Castro is likely to be tortured in Peru based on his past participation in political protests or his sexual orientation.

The motion for a stay of removal is denied. The temporary stay of removal remains in place until the mandate issues.

**PETITION DENIED.**