FILED

DEC 23 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MUHAMMAD AZIZ KHAN RAZA, | No. 05-77190 |
| Petitioner, | Agency No. A095-610-592 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2009
San Francisco, California

Before: COWEN, [**] GRABER, and BYBEE, Circuit Judges.

Petitioner Muhammad Aziz Khan Raza petitions for review of the Board of

Immigration Appeals' ("BIA") order denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture.

The BIA held that Petitioner failed to establish "extraordinary circumstances"

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Robert E. Cowen, Senior United States Circuit Judge
for the Third Circuit, sitting by designation.

excusing his late filing of an asylum application. The BIA also affirmed the immigration judge's ("IJ") adverse credibility determination. Because the BIA generally adopted the IJ's conclusions and added its own comments, we review both decisions. Nuru v. Gonzales, 404 F.3d 1207, 1215 (9th Cir. 2005). For the reasons stated below, we grant the petition and remand for further proceedings on an open record.

1. As the government now concedes, we have jurisdiction over the BIA's "extraordinary circumstances" determination on undisputed underlying facts. Husyev v. Mukasey, 528 F.3d 1172, 1177-81 (9th Cir. 2008).

Petitioner argued that he established "extraordinary circumstances," because he received ineffective assistance of counsel. See 8 C.F.R. § 208.4(a)(5)(iii) (recognizing "ineffective assistance of counsel" as one "extraordinary circumstance" and setting forth the requirements); see also Toj-Culpatan v. Holder, No. 05-72179, 2009 WL 4256449, at *2 (9th Cir. Dec. 1, 2009) (per curiam) (noting that, according to the regulation, one example satisfying "extraordinary circumstances" is "ineffective assistance of counsel" and noting that the petitioner in that case does not claim ineffective assistance of counsel). Although the BIA held that Petitioner should have pursued asylum within one year, the BIA failed to respond to Petitioner's argument that he consulted a lawyer (who is now

2

incarcerated, in part for his sham representation) within one year and that a competent lawyer would have pursued an application for asylum. We therefore remand for further consideration. See, e.g., Nevarez Nevarez v. Holder, 572 F.3d 605, 608 (9th Cir. 2009) ("Because the BIA did not adequately consider or explain its conclusion regarding this legal question, we return that issue to it for further review.").

2. We hold that the IJ's adverse credibility determination is not supported by substantial evidence. See Li v. Holder, 559 F.3d 1096, 1102 (9th Cir. 2009) (stating the standard of review). In some instances, Petitioner was not given an opportunity to explain the inconsistency; in others, the inconsistencies identified by the IJ and BIA are non-existent, rely on indiscernible testimony, or rest on speculation. See Campos-Sanchez v. INS, 164 F.3d 448, 450 (9th Cir. 1999) ("[T]he BIA must provide a petitioner with a reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum."); Quan v. Gonzales, 428 F.3d 883, 886 (9th Cir. 2005) (holding that an adverse credibility determination must be supported by a "true inconsistency"); Singh v. Ashcroft, 367 F.3d 1139, 1143-44 (9th Cir. 2004) (noting that indiscernible testimony can make a difference in a hearing's outcome); Shah v.

3

INS, 220 F.3d 1062, 1071 (9th Cir. 2000) ("Speculation and conjecture cannot form the basis of an adverse credibility finding . . . .").

3.  Because it is not "apparent from the record" that Petitioner is entitled to relief, we remand to the agency on an open record.  Soto-Olarte v. Holder, 555 F.3d 1089, 1095 (9th Cir. 2009).

**Petition GRANTED.  Case REMANDED for further proceedings.**