NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SATWANT KAUR; RAMANDEEP
KAUR; RAJVIR KAUR; SIRA SINGH,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-71607

Agency Nos. A079-606-745
A079-606-746
A079-606-747
A075-304-674

MEMORANDUM[*]

RAMANDEEP KAUR; RAJVIR KAUR;
SIRA SINGH,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-73437

Agency Nos. A079-606-745
A079-606-746
A079-606-746
A079-606-747
A075-304-674

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Argued and Submitted July 15, 2010
San Francisco, California

Before:     W. FLETCHER and M. SMITH, Circuit Judges, and TODD,[**]
            Senior District Judge.

Satwant Kaur and her family are citizens of India who entered the United States without being admitted or paroled. Kaur petitions for review of the Board of Immigration Appeals' (BIA's) final removal order affirming the Immigration Judge (IJ). This court has jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

We reject Kaur's arguments that the IJ denied her a full and fair hearing in violation of her due process rights. Kaur presents no evidence to support her claim that the IJ was biased against her. Regardless, she failed to raise this argument in her appeal to the BIA, and it is therefore waived. *See Moran v. Ashcroft*, 395 F.3d 1089, 1094 n.3 (9th Cir. 2005) (overruled on other grounds). The unavailability of Kashmir Singh Malhir to testify at Kaur's hearing did not violate her due process rights. *See Saidane v. INS*, 129 F.3d 1063, 1065 (9th Cir. 1997) (requiring government only to "make a reasonable effort in INS proceedings to afford the alien a reasonable opportunity to confront the witnesses against him or her"

_____

[**]     The Honorable James Dale Todd, Senior United States District Judge for the Western District of Tennessee, sitting by designation.

2

(quotation marks omitted)). In any event, Kaur cannot show that she was prejudiced by her inability to examine Malhi. *See Campos-Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999) ("This court has found prejudice where an alien's rights are violated in a manner so as potentially to affect the outcome of the proceedings." (internal quotation marks omitted)). Kaur likewise has failed to demonstrate prejudice from her inability to obtain the entire agency files regarding her case prior to her hearing. Finally, it was not an abuse of discretion for the IJ to refuse to admit Kaur's polygraph examination as evidence. *See United States v. Benavidez-Benavidez*, 217 F.3d 720, 724 (9th Cir. 2000) (holding that district courts have wide discretion in admitting or excluding polygraph evidence).

It was not an abuse of discretion for the BIA to affirm the IJ's denial of asylum. "In light of the uncontested evidence that [Kaur] perpetrated fraud throughout h[er] immigration proceedings, the BIA's discretionary denial is neither 'manifestly contrary to the law [nor] an abuse of discretion.'" *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting 8 U.S.C. § 1252(b)(4)(D)).

Finally, the BIA did not abuse its discretion in affirming the IJ's denial of withholding of removal. The IJ's adverse credibility determination was supported by substantial evidence. Kaur has admitted not only that she submitted a fraudulent asylum application (along with fraudulent affidavits), but also that she

3

lied in her original testimony before the Asylum Officer and the IJ. *See Hosseini*, 471 F.3d at 960 n.7. Also, Kaur's subsequent testimony regarding her second asylum story included significant inconsistencies and was not supported by any corroborating documents. The BIA did not err as a matter of law in denying Kaur relief under the Convention Against Torture solely on the basis of the adverse credibility finding. Kaur did not present any evidence in support of her claim outside of her testimony. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION DENIED.**