**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FILED

FOR THE NINTH CIRCUIT

AUG 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



WENQIN XUE, AKA Wen Qin Xue,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-73910

Agency No. A098-445-354

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2013[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Wenqin Xue ("Xue"), a native and citizen of the People's Republic of China,

petitions for review of the decision by the Board of Immigration Appeals ("BIA")

affirming the Immigration Judge's ("IJ") denial of asylum, withholding of

removal, and relief under the Convention Against Torture. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

pursuant to 8 U.S.C. § 1252. We deny in part, grant in part, and remand the petition.

Xue states that she was the victim of forced sterilization in 1993 at the hands of Chinese family planning officials and that she was arrested and beaten in 2004 because of her attendance at a local Christian meeting. Although the BIA reviewed the IJ's decision for clear error, it did not adopt the IJ's decision as its own. Instead, the BIA identified several specific grounds on which it affirmed the IJ's adverse credibility determination as to each of Xue's two claims. We review the reasons explicitly identified by the BIA, as well as the reasoning articulated in the IJ's decision in support of those stated reasons; we do not, however, "review those parts of the IJ's adverse credibility finding that the BIA did not identify as 'most significant' and did not otherwise mention." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008).

Because credibility determinations are findings of fact, they "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2000). Xue filed her petition before the effective date of the Real ID Act of 2005, so at least one of the identified grounds underlying the negative credibility finding must be supported by substantial evidence and go to the heart of Xue's claims of persecution in order to affirm a

2

negative credibility finding. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004). Minor inconsistencies regarding non-material and trivial details cannot form the exclusive basis for an adverse credibility determination. *See Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005). Instead, the BIA must articulate a legitimate basis to question the applicant's credibility and offer specific and cogent reasons for any stated disbelief. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002).

With regard to Xue's religious persecution claim, the BIA identified several inconsistencies noted by the IJ that go to the heart of that claim, including contradictory statements by Xue about the number of times she was interrogated and beaten while detained and whether she was interrogated and beaten after being released. Xue had opportunities to explain these inconsistencies, but the IJ and the BIA reasonably found the explanations insufficient and unconvincing. *See Campos-Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999).

With regard to Xue's forced sterilization claim, the BIA identified only one inconsistency: the date on Xue's marriage certificate differs from the marriage date written on the Fuqing City Family Planning Office form documenting her tubal ligation conducted as a result of violations of family planning policy. It is undisputed that Xue has two children, in violation of China's family planning policies. Xue also introduced corroborating evidence in the form of a doctor's

3

examination in the United States confirming that she had undergone a tubal ligation. The inconsistency in the marriage dates does not go to the heart of Xue's forced sterilization claim, and the BIA's reliance on it is therefore insufficient to support its adverse credibility finding. *Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir. 2000) (holding that "alleged inconsistencies in dates that reveal nothing about a petitioner's credibility cannot form the basis of an adverse credibility finding").

Xue's petition is therefore denied as to her religious persecution claim and granted as to her forced sterilization claim. Because the BIA affirmed based on the adverse credibility grounds without otherwise considering Xue's eligibility for asylum, we remand to the agency for further proceedings consistent with this disposition. *See Tekle*, 533 F.3d at 1056.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; and REMANDED.** Each party shall pay its own costs on appeal.