**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JUAN JOSE GADIDAS GONZALEZ, AKA Mario Rodas Diaz, | No. 16-70240 |
| Petitioner, | Agency No. A029-249-349 |
| v. | MEMORANDUM* |
| MATTHEW G. WHITAKER, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 13, 2018
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and KORMAN,** District Judge.

Petitioner Juan Gadidas Gonzalez, a native and citizen of Guatemala,

petitions for review of the BIA's denial, on credibility grounds, of asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

withholding of removal, and Convention Against Torture ("CAT") relief. The adverse credibility finding was based on an inconsistency in the record stemming from petitioner's testimony on cross-examination. No recording was made of the cross-examination. Because the IJ expressly represented that credibility would not be an issue — indeed, she stated on the record that she "didn't find [Petitioner] to be incredible" — the parties consented to the IJ reading her notes into the record in lieu of redoing cross-examination.

The petitioner's testimony on cross-examination turned out to be a determinative issue in the IJ's decision, but neither the IJ nor the BIA gave the Petitioner an opportunity to explain, on the record, the inconsistency on which the adverse credibility determination was based. Rather, Petitioner was misadvised by the IJ that there would be no need for an explanation because credibility was not a problem.

Petitioner was therefore denied the full and fair hearing that due process requires. *See Joseph v. Holder*, 600 F.3d 1235, 1244-1245 (9th Cir. 2010); *Campos-Sanchez v. I.N.S.*, 164 F.3d 448, 450 (9th Cir. 1999).

The deficiencies in the record were adequately raised before the BIA. It should have required a new cross-examination of the petitioner.

The petition is **GRANTED** and **REMANDED.**

The BIA's decision is therefore **VACATED.**

2