NOT FOR PUBLICATION

FILED

MAR 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FRANCISCO GUILLERMO
HERNANDEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 21-70651

Agency Nos.
A208-468-759

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2026**
Phoenix, Arizona

Before: CLIFTON, BYBEE, and MILLER, Circuit Judges.

Petitioner Francisco Guillermo Hernandez is a native and citizen of Mexico

who seeks review of the Board of Immigration Appeals' ("BIA") dismissal of his

application for cancellation of removal, asylum, withholding of removal, and

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review constitutional claims, such as the due process argument before us, de novo. *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021).

The Fifth Amendment guarantees petitioners due process in removal proceedings, including a full and fair hearing. *Campos-Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999). Hernandez claims that he was not granted such a hearing because the IJ did not meaningfully engage with the record, as evidenced by her statement that "the Mexican government is making substantial strides to curb" violence in the country.

The IJ did not err because there is support for her statement in the record. even if the IJ had erred, the outcome of the proceedings would have been the same, so Hernandez suffered no prejudice.

First, the IJ's purported mischaracterization of Mexico's approach to cartel violence could have no effect on the cancellation of removal analysis, which solely concerns the well-being of his children as qualifying relatives who will remain the United States. *See* 8 U.S.C. § 1229b(b)(1)(D). Second, Hernandez claims no past harm and his due process challenge does not dispute the agency's determination that a protected ground would not be a reason for any feared future harm. Thus, even if the IJ erred, Hernandez still failed to establish the required nexus for asylum or

withholding of removal. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023) (holding that both asylum and withholding claims fail when a protected ground is not "a reason" for past or feared future persecution). Finally, even if the IJ's statement regarding Mexico's approach to cartel violence was incorrect, "generalized evidence of violence and crime" cannot establish eligibility for CAT protection. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

The petition is **DENIED**.[1]

---

[1] On the same grounds, Hernandez's motion to stay removal is also **DENIED**.